# MIRER MAZZOCCHI SCHALET JULIEN & CHICKEDANTZ, PLLC

ATTORNEYS AT LAW
150 BROADWAY, TWELFTH FLOOR
NEW YORK, NEW YORK 10038

JEANNE MIRER
KRISTINA MAZZOCCHI
LIZABETH SCHALET

TELEPHONE: (212) 231-2235
FACSIMILE: (212) 409-8338

RIA JULIEN
MARIA L. CHICKEDANTZ

EMAIL: info@mmsjlaw.com
INTERNET: www.mmsjlaw.com

December 7, 2016

*Via* **ECF**

Hon. Laura Taylor Swain
U.S. District Court - SDNY
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Courtroom 12D
New York, NY 10007

Re:  *Garcia v. Cloister Apt Corp., et al.*
16-cv-5542 (LTS)(HBP)

Dear Judge Swain:

Plaintiff, by his attorneys Mirer Mazzocchi Schalet Julien & Chickedantz, PLLC, respectfully submits this letter jointly with counsel for defendants Cloister Apt Corp., Siren Management Corp., Carina Lechter, Howard Landman, Jeffrey Heidings, Rosa Reichman, Nigel Hendrickson and Gail Gerzetic (hereinafter, the "settling defendants," and together with plaintiff, the "parties") to advise the Court of the terms of the Settlement Agreement that the parties have reached in the above-referenced Fair Labor Standards Act matter. An executed copy of the Settlement Agreement that was reached between the parties is attached hereto as Exhibit A.

### Procedural History and Relevant Facts

Plaintiff commenced the instant action on July 12, 2016 to recover unpaid wages and penalties allegedly owing to him by defendants pursuant to the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Plaintiff was employed as a building service employee between 2002 and on or about April 15, 2016, and worked at several buildings owned and/or managed by defendants.

1

Between July 12, 2010 and on or about February 29, 2016, plaintiff was employed as a building service employee by defendants Edel Family Management Corp. a/k/a Edel Family Mgt. Corp., operated by individual defendants Florence Edelstein and Michael Edelstein (hereinafter, the "non-settling defendants" or "the predecessor employer"), at several of the buildings that they owned and/or managed, including a building co-op located at 1793 Riverside Drive ("the building") where plaintiff has also resided at all times relevant to this matter. Throughout the period that they served as the managing agent of 1793 Riverside Drive, the predecessor employer was in control over matters related to the terms and conditions of the building's service workers' employment, including but not limited to hiring and firing, supervision and control of schedules and conditions of employment, rates and methods of payment, and the maintenance of employment records. On or about December 31, 2015, the predecessor employer officially resigned as managing agent of 1793 Riverside Drive, but continued to perform some of the services of managing agent of the building, including remaining plaintiff's employer until on or about February 29, 2016.

On or about March 1, 2016, Siren Management Corp., operated by individual defendants Jeffrey Heidings and Howard Landman (jointly, the "successor employer"), replaced the Edel Family Management Corp. as the residential management company for 1793 Riverside Drive, and permitted plaintiff to remain employed as a building service employee at the building until April 15, 2016.

Also named as defendants are Cloister Apt Corp. (the entity that owns the 1793 Riverside Drive co-op), and Cloister Apt Corp. co-op board members Carina Lechter, Rosa Reichman, Nigel Hendrickson and Gail Gerzetic (referred to jointly with the successor employer as the "settling defendants").

### Fairness of the Proposed Settlement Agreement

Under the FLSA, any employer that violates the requirement to pay minimum or overtime wages "shall be liable to the ... employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation ... and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). Rather, the parties must satisfy the Court that their agreement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, 2015 WL 5915843, at *1 (S.D.N.Y. Oct. 7, 2015). There is a presumption of fairness with the Court's principal inquiry directed at whether the proposed settlement constitutes a "reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights." *Le v. SITA Info. Networking Computing USA, Inc.*, 2008 WL 724155, at *1 (E.D.N.Y. 2008) (alteration in original) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 [11th Cir. 1982]); *see also Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013).

"In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky* v. *Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting *Medley v. Am. Cancer Sbc*, 2010 WL 3000028, at *1 [S.D.N.Y. July 23, 2010]).

Factors weighing against settlement approval "include the following: (1) 'the presence of other employees situated similarly to the claimant'; (2) 'a likelihood that the claimant's circumstance will recur'; (3) 'a history of FLSA noncompliance by the same employer or others in the same industry or geographic region'; and (4) the desirability of 'a mature record' and 'a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace.'" *Id.* (quoting *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1244 [M.D. Fla. 2010]).

### *The Settlement Amount Represents A Significant Proportion of the Plaintiff's Maximum Possible Recovery Against the Settling Defendants*

As to the plaintiff's range of possible recovery against the settling defendants, the amount paid by the settling defendants under the Settlement Agreement ($37,500) consists of an allocation of $24,734.57 for plaintiff for unpaid wages, penalties and liquidated damages, and is 95.5% of the maximum possible recovery identified by plaintiff's counsel as owing to plaintiff by the settling defendants ($25,892.50, as described below). The remaining portion ($12,765.43) is an allocation for costs and attorneys' fees, and is explained in further detail below. The maximum exposure calculations are attached hereto as Exhibit B.

Pursuant to the terms of the Settlement Agreement, the settling defendants will pay a total of $37,500 to be paid in three (3) installments as follows: (a) a first payment of $12,500 to be paid within seven (7) days of this Court's approval of the Settlement Agreement but no earlier than January 1, 2017 ("the first payment due date"); (b) a second payment of $12,500 to be paid within thirty (30) days of the first payment due date; and (c) a third payment of $12,500 to be paid within sixty (60) days of the first payment due date. After a deduction for costs of $400 that will only apply to the initial payment, each of the three (3) payment installments will be divided in the following manner: 66.67% to be paid to the plaintiff and 33.33% for attorneys' fees (as explained in further detail below). The plaintiff's allocation will be divided into two equal parts, one for recovered wages and the other for liquidated damages. *See* Ex. A, para. 2.

After costs and attorneys' fees, plaintiff's allocation of $24,734.57 represents 95.5% of the maximum amount that plaintiff could hope to recover at trial against the settling defendants

($25,892.50). At trial, the most plaintiff could win as against the settling defendants includes up to $4,972.50 in unpaid wages, $9,945.50 in simultaneous liquidated damages, $975 in notice and record-keeping penalties, and $10,000 in retaliation damages. *See* Ex. B.

In FLSA matters, this District considers settlement awards between 72% and 76% of the total damages sought by plaintiffs as fair and reasonable, inclusive of attorneys' fees. *See Zeng Xiang Hiang v. Ai Chu Chiang*, 2016 U.S. Dist. LEXIS 142679 (S.D.N.Y., October 14, 2016)(approving the settlement amount in a FLSA settlement agreement as reasonable and fair because "[t]he total damages sought by all three plaintiffs, including liquidated damages, are $225,177.69. Thus, the settlement represents approximately 75.5% of the total amount sought by plaintiffs."). *See also Chamoro v. 293 3rd Café Inc.*, 2016 U.S. Dist. LEXIS 136101, at *4 (S.D.N.Y., Sep. 30, 2016)(approving the settlement amount in a FLSA settlement agreement as fair because "the $52,000 settlement amount constitutes a substantial proportion [71.8%] of the total possible amount that [plaintiff] could recover if successful at trial"). Here, plaintiff's allocation of the settlement amount *after* costs and attorneys' fees is $24,734.57, and represents 95.5% of the total damages sought by plaintiff against the settling defendants. *See* Ex. B.

*The Settlement Agreement Avoids Anticipated Burdens at Trial*
*Due to the Litigation Risks Faced by the Parties*

Plaintiff has alleged that he was employed as a building service employee by various defendants, and has named as defendants two management companies and their respective principles, as well as the building co-op and co-op board members that own the building where plaintiff lives and performed a large proportion of his work. Plaintiff has alleged that all of the defendants were his employers, and therefore, liable under NYLL and the FLSA for unpaid wages, liquidated damages, penalties and attorneys' fees.

However, plaintiff recognizes the difficulty of prevailing at trial on the factually disputed nature of whether, during the period of time that 1793 Riverside Drive was managed by the Edel Family Management Corp., the building co-op that owns 1793 Riverside Drive and its board members (defendants Cloister Apt Corp., Carina Lechter, Rosa Reichman, Nigel Hendrickson, and Gail Gerzetic) were plaintiff's "employers" under the FLSA and NYLL. Due to the settling defendants' good faith defense with regard to this issue, recovery of any kind at trial against them is not likely. On the other hand, it bears highlighting that plaintiff will be able to demonstrate that the non-settling defendants do meet this Circuit's "economic realities test" in order to establish their liability as employers under the NYLL and FLSA for his wage and hour claims, and therefore, will more than likely be able to fully recover the balance of his damages at trial.

The settling defendants recognize the risk of going to trial, including the risks associated with plaintiff's potential ability to demonstrate that the building co-op and board members are employers under the FLSA and NYLL at the close of discovery. Although not likely, if plaintiff

were able to meet the standard for demonstrating employer liability as to the building co-op and board members, at the upper limit of exposure, the building co-op and board members could be held liable for whatever unpaid minimum wages and overtime wages plaintiff is able to establish by his testimony at trial, as well as substantial liquidated damages, notice and record-keeping penalties and attorneys' fees, which plaintiff has calculated to be $470,084.86. *See* Ex. B. In addition, due to the fee-shifting nature of the FLSA and NYLL, even if plaintiff were only able to prove nominal damages, at trial the defendants could still be liable for substantial attorneys' fees.

In light of these litigation risks, the decision to forgo the burden and expense of trial is reasonable.

### *The Settlement Agreement is the Product of Arm's-Length Bargaining Between Experienced Counsel*

The terms of the Settlement Agreement were reached through arms'-length negotiations between the parties' respective counsel after engaging in significant investigation and due diligence regarding the merits of plaintiff's claims and their likelihood of success at trial and the settling defendants' defenses. The terms of the Settlement Agreement were arrived at after a drawn-out back and forth and several long settlement discussions between the parties' attorneys. There is no doubt that the parties were informed about the strengths and weaknesses of their positions.

Plaintiff has been represented by Mirer Mazzocchi Schalet Julien & Chickedantz, PLLC, and by Maria L. Chickedantz, a partner of the firm who is experienced in FLSA litigation and other areas of employment law, having worked in this field since 2011. Partners Jeanne E. Mirer and Ria Julien have also assisted in this matter. Ms. Mirer has forty-six (46) years of experience in the field of employment and labor litigation, while Ms. Julien has over five (5) years of experience in this field.

The settling defendants have been represented by Stewart Wurtzel of Tane Waterman & Wurtzel, P.C.—a firm with extensive experience in representing property owners in the Metropolitan area of New York in various legal matters.

### *Non-Existence of Any Factors that Would Weigh Against Settlement Approval*

None of the four factors that weigh against settlement approval are present in this matter. As an initial matter, at this stage in the litigation, plaintiff is not aware of the presence of any similarly situated employees employed by the settling defendants who wish to join this matter as opt-in plaintiffs under Rule 216(b). In addition, there is no history of FLSA non-compliance by the settling defendants, and, as plaintiff is no longer employed by the settling defendants, he was not coerced by them to settle this case. *See Cisneros v. Schnipper Rest. LLC,* 2014 WL 67235, at

*1 (S.D.N.Y. Jan. 8, 2014) (concerns about coercion "not as relevant when the plaintiffs no longer work for the defendant.")

### Fairness of Attorneys' fees

In addition to reviewing the substantive fairness of the terms of the Settlement Agreement, the Court must also make a determination as to the fairness of the attorneys' fees proposed. While courts may approve of attorneys' fees on the basis of either a loadstar calculation or a percentage of the common fund, "the trend in this Circuit is toward the percentage method." *McDaniel v. County of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). The Second Circuit prefers the percentage method because the loadstar method "creates an incentive for attorneys to bill as many hours as possible, to do unnecessary work, and these reasons also can create a disincentive to early settlement." *Id.* at 418.

Moreover, "[f]ee awards representing one third of the total recovery are common in this District." *Gaspar v. Pers. Touch Moving, Inc.*, 2015 U.S. Dist. LEXIS 162243, at *2 (S.D.N.Y. Dec. 3, 2015). Indeed in FLSA cases, courts typically find a one-third attorney fee to be acceptable. *See Santos v. Yellowstone Props.*, 2016 U.S. Dist. LEXIS 61994, *10 (S.D.N.Y. May 10, 2016) (Court held "one-third-of-settlement sum is consistent with contingency fees that are commonly accepted in the Second Circuit in FLSA cases.")

In addition, "to determine whether attorneys' fees are reasonable, courts compare the amount sought to the lodestar amount, or the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Santos v. El Tepeyac Butcher Shop, Inc.*, 2015 U.S. Dist. LEXIS 168186 (S.D.N.Y. Dec. 15, 2015) (*citing* 29 U.S.C. § 216(b); *Stancyzk v. City of New York*, 752 F.3d 273, 284 [2d Cir. 2014]).

Here, plaintiff has entered into a signed retainer agreement authorizing attorneys' fees to be paid on the basis of 33.33% of the gross settlement, plus costs. When applied to the total settlement amount ($37,500) after disbursements ($400) have been deducted, plaintiff's request for attorneys' fees totals $12,365.43. The breakdown of the settlement award that includes the calculation for the attorneys' fees is attached hereto as Ex. C.

In addition, the lodestar amount is $14,490 and is based on the product of the reasonable hourly rates and the reasonable hours billed by the attorneys who worked on this case: partners Maria L. Chickedantz, Jeanne M. Mirer and Ria Julien. As discussed, *supra*, the partners each have significant experience in the field of FLSA litigation. The hourly rate for the partners in FLSA matters is $350, which is reduced from their regular hourly rate of $450 per hour. These hourly rates are reasonable in the Southern District, and are commensurate to the attorneys' level of experience. See, *Gonzalez v. Scalinatella, Inc.*, 2015 WL 3757069, at *21 (S.D.N.Y. June, 12, 2015) ("rates in excess of $225.00 per hour are reserved for FLSA litigators with more than three years' experience."); *Rozell v. Ross-Holst*, 576 F.Supp.2d 527, 546 (S.D.N.Y. 2008) (granting a

6

attorneys' fee award based on $350 per hour for the time billed by senior associates). The time records containing the lodestar amount for this matter are attached hereto as Exhibit D.

The hours contained in the attached time records were inputted into the Time Solv computer program by each attorney based on their own contemporaneous time records.

In addition, the disbursements in this matter amount to a total of $400, which is the filing fee of the instant Complaint. The ECF notice with the filing fee receipt is attached hereto as Exhibit E.

For the reasons stated herein, the parties submit that the executed Settlement Agreement is a fair and equitable resolution of a bona fide dispute between plaintiff and the settling defendants and that the proposed fees are appropriate in this case. The parties stand ready to provide any additional information that the Court requires to assist in its evaluation. If the Court finds the Settlement Agreement acceptable, the parties will file a Stipulation of Dismissal with Prejudice.

Respectfully submitted,

Maria L. Chickedantz

Encl.
cc:     Stewart Wurtzel, Esq.