# Exhibit A

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (hereinafter "this Agreement") is made by and between CLOISTER APT CORP., SIREN MANAGEMENT CORP., CARINA LECHTER, HOWARD LANDMAN, JEFFREY HEIDINGS, ROSA REICHMAN, NIGEL HENDRICKSON and GAIL GERZETIC (referred to and as further defined in Paragraph 1(a), below, as the "Released Defendants"), and LUIS GARCIA (referred to and as further defined in Paragraph 1(b), below, as the "Plaintiff").

WHEREAS, the Plaintiff has alleged certain claims against the Released Defendants by filing a Complaint on or about July 12, 2016, in the United States District Court for the Southern District of New York, in the action entitled *Luis Garcia, on behalf of himself and others similarly situated v. Cloister Apt Corp., Siren Management Corp., Edel Family Management Corp. a/k/a Edel Family Mgt. Corp., Florence Edelstein, Michael Edelstein, Carina Lechter, Howard Landman, Jeffrey Heidings, Rosa Reichman, Nigel Hendrickson, Gail Gerzetic, jointly and severally*, Civil Case No. 16-CV-5542 (the "Action"), including, *inter alia*, claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL");

WHEREAS, the Released Defendants deny all such claims in all respects;

WHEREAS, the Released Defendants brought a Holdover Proceeding against the Plaintiff on or about July 12, 2016, in New York Civil Court, in the proceeding entitled *Cloister Apartment Corp. against Luis Garcia*, Index No. LT-069203-16/NY (the "Holdover Proceeding"), seeking to evict the Plaintiff from the premises of 1793 Riverside Drive, Basement Apartment B, New York, New York, 10034;

1

WHEREAS, the Released Defendants and the Plaintiff have agreed to resolve all rights and obligations with respect to each other on a mutually satisfactory and amicable basis;

WHEREAS, the Parties, as defined in Paragraph 1(c), below, agree that this Agreement becomes effective only upon the occurrence of all of the conditions delineated in paragraph 18 below; and

NOW, THEREFORE, the Parties, as defined in Paragraph 1(c), below, agree as follows:

1.      Definitions:    For purposes of this Agreement, the following definitions shall apply:

a)      The term "Released Defendants" is defined to include Cloister Apt Corp., Siren Management Corp., Carina Lechter, Howard Landman, Jeffrey Heidings, Rosa Reichman, Nigel Hendrickson and Gail Gerzetic.

b)      The term "Plaintiff" is defined as Luis Garcia, the Plaintiff in the Action.

c)      The term "Parties" refers to the Plaintiff and the Released Defendants, as defined in subsections (a) and (b), above.

d)      The term "Claims" is defined as any and all actions, causes of action, suits, debts, sums of money, accounts, liabilities, bonds, bills, covenants, contracts, controversies, agreements, promises, damages, judgments, executions, obligations, taxes, costs and expenses, claims or demands whatsoever, in law or equity, which Plaintiff might now have, own or hold, or at any time heretofore ever had, owned or held, or could, shall, or may have, own or hold, whatsoever, upon or by reason of any matter, cause or thing, act or omission, or circumstance whatsoever based on any claim pursuant to or arising under the FLSA, the Portal to Portal Act of 1947, the NYLL, any retaliation claims on or under the FLSA or NYLL, or any

2

other claims, asserted benefits or rights arising by or under contract or implied contract, any alleged oral or written contract or agreement for employment or services or any alleged unpaid compensation, severance pay, salary, bonus, commission, overtime, minimum wage, relocation expenses, incentive compensation, profit sharing, vacation pay, insurance, benefits, lost profits or business, or any other claims arising by or under civil rights, tort, negligence, statute or other legal or equitable theory of recovery, whether known or unknown, at any time prior to the date of this Agreement, including, by way of examples and without limiting the broadest application of the foregoing, any actions, causes of action, or claims under any contract or any federal, state or local decisional law, statutes, regulations or constitutions (including, without limitation, the constitutions of the United States and the State of New York), any claims for wrongful or improper discharge or dismissal, or for discrimination or harassment on the basis of race, national origin, religion, sex, sexual orientation, age, or any other factor, or for any other cause of action arising out of the employment relationship between the Parties (including, without limitation, any claim pursuant to or arising under Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991, 42 U.S.C. § 1981, § 1983, or any of the Reconstruction-Era Civil Rights Acts, the Age Discrimination in Employment Act of 1967, as amended ("ADEA"), the Employee Retirement Income and Security Act of 1974, as amended, ("ERISA") (except for claims for vested ERISA benefits), the Americans with Disabilities Act, as amended ("ADA"), the Rehabilitation Act of 1973, the Portal to Portal Act of 1947, the National Labor Relations Act ("NLRA"), the Labor Management Relations Act, the Family and Medical Leave Act, as amended ("FMLA"), the Occupational Safety and Health Act, the Worker Adjustment and Retraining Act ("WARN"), the Dodd-Frank Wall Street Reform and Consumer Protection

3

Act, as amended, the Sarbanes-Oxley Act of 2002, as amended the New York Labor Law, the New York Human Rights Law, the New York Executive Laws, the New York City Administrative Code, the New York City Human Rights Law, the New York Worker Adjustment and Retraining Act ("NY WARN") and any other state, federal or local legislation concerning employment or employment discrimination or any other applicable employment standards or human rights legislation, and any other state, federal or local legislation concerning employment, interest and/or attorneys' fees, costs, disbursements or the like.

e)   The Claims set forth above in Paragraph (d) specifically include any and all claims, whether or not now known or suspected to exist, and whether or not specifically or particularly described in this Agreement for any act, omission, transaction or occurrence between the Parties that has taken place up to and including the date of execution of this Agreement. Plaintiff expressly waives any right or claim of right to assert later that any claim has, through ignorance, oversight or error, been omitted from the terms of this Agreement, and further expressly waives any right or claim of right he may have under the law of any jurisdiction that releases (such as those given in this Agreement) do not apply to unknown or unstated claims for any act, omission, transaction or occurrence which has taken place up to and including the date of execution of this Agreement. It is the express intent of the Parties for the Plaintiff to waive any and all claims that Plaintiff may have against the Released Defendants and, as applicable, all of their controlling shareholders, directors, officers, employees, agents, attorneys, successors and assigns (all in their official and/or individual capacities) with the exception of Edel Family Management Corp. a/k/a Edel Family Mgt. Corp., and/or any and all doing-business-as, alter ego, parent, and/or subsidiary entities (including but not limited to West Gate House, Inc.,

4

Edelstein Associates, EFM Realty, 610 LLC), (defined herein as "Edel Family Mgt. Corp."), Florence Edelstein, Michael Edelstein, Daniel Edelstein, Ronald Edelstein, and/or any individuals who, at any and/or all times relevant to the lawsuit, and despite their role as board members of any of the Released Defendants, were agents, principals, officers or shareholders of Edel Family Mgt. Corp., whether specifically named as an individual defendant in this lawsuit or otherwise, and not covered by this Release, (collectively, the "Releasees"), including any claims which are presently unknown, unsuspected, unanticipated or undisclosed, for any act, omission, transaction or occurrence which has taken place up to and including the date of execution of this Agreement. Any language to the contrary herein notwithstanding, nothing in this agreement shall operate to bar or limit any claim of Plaintiff for physical injury made pursuant to the Worker's Compensation Law (however, as of the execution of this Agreement, Plaintiff attests that Plaintiff is not aware of any injury or illness pertaining to Plaintiff's employment). This Agreement is not intended to waive claims for Unemployment Insurance benefits, claims that arise after the date Plaintiff executes this Agreement, claims for breach of this Agreement, and/or claims against any of the non-released defendants. It is understood that any and/or all releases contained in this Agreement do not run to the benefit of the Edel Family Mgt. Corp., Florence Edelstein, Michael Edelstein, Daniel Edelstein, Ronald Edelstein, and/or any individuals who, at any and/or all times relevant to the lawsuit, were agents, principals, officers or shareholders of Edel Family Mgt. Corp., whether specifically named as an individual defendant in this lawsuit or otherwise.

f)      It is understood by Plaintiff that the facts pursuant to which this Agreement is made may ultimately prove to be other than or different from the facts now known

5

by them to be true. Plaintiff expressly accepts and assumes the risks of the facts proving to be different, and agrees that all of the terms of this Agreement shall be in all respects effective and not subject to termination or rescission on account of any such difference in facts or for any other reason.

        g)     Plaintiff warrants and represents that no promise or inducement has been offered or made for this Agreement, except as otherwise specifically set forth in this Agreement. Plaintiff acknowledges that this Agreement is executed without reliance on any statements or any representations, express or implied, not contained in this Agreement, and without express, implied or presumed reliance on any duty such as, but not limited to, a fiduciary duty to speak or inform another concerning any fact or circumstance, and that Plaintiff is satisfied that the settlement fairly resolves Plaintiff's claims under FLSA and NYLL against the Released Defendants, and Plaintiff has executed this Agreement freely, without coercion or duress, and with the advice of Plaintiff's legal counsel, and that this Agreement reflects the entire understanding among the Parties.

    2.     Settlement of Claims:

        a)     In consideration for the promises and covenants set forth in this Agreement, and subject to the Court's approval of this Agreement, the Released Defendants shall pay or cause to be paid to the Plaintiff the gross sum of Thirty-Seven Thousand, Five-Hundred and 00/100 Dollars ($37,500.00), inclusive of all attorneys' fees and costs (the "Settlement Sum"), to be received by Mirer Mazzocchi Schalet Julien & Chickedantz, PLLC, Attn: Maria Chickedantz, Esq., 150 Broadway, Suite 1200, New York, NY 10038 (Plaintiff's Counsel"), as follows:

6

(1) **Payment One**: within seven (7) days of the Effective Date of this Agreement as defined in paragraph 18 below but no earlier than January 1, 2017 (the "Payment One Due Date"), the Released Defendants shall send, or cause to be sent, to Plaintiff's Counsel one-third (1/3) of the Settlement Sum, Twelve-Thousand, Five-Hundred and 0/100 Dollars ($12,500), as follows:

(i) one (1) check payable to "Luis Garcia" in the gross amount of $4,033.54, which represents wages, less applicable employment-related withholdings, for which the Released Defendants shall issue Plaintiff an IRS W-2 form;

(ii) one (1) check payable to "Luis Garcia" in the gross amount of $4,033.53, which represents liquidated damages, for which the Released Defendants shall issue the Plaintiff an IRS 1099 form; and

(iii) one (1) check payable to "Mirer Mazzocchi Schalet Julien & Chickedantz, PLLC" in the amount of $4,432.93, which represents the Plaintiff's attorneys' fees and costs of this action, for which the Released Defendants shall issue IRS 1099 form(s) (Plaintiff's Counsel shall provide the Released Defendants with a completed IRS W-9 form).

(2) **Payment Two**: Within thirty (30) days of the Payment One Due Date, the Released Defendants shall send to Plaintiff's Counsel one-third (1/3) of the Settlement Sum, Twelve-Thousand, Five-Hundred and 0/100 Dollars ($12,500), as follows:

(i) one (1) check payable to "Luis Garcia" in the gross amount of $4,166.88 which represents wages, less applicable employment-related withholdings, for which the Released Defendants shall issue Plaintiff an IRS W-2 form;

7

(ii) one (1) check payable to "Luis Garcia" in the gross amount of $4,166.87, which represents liquidated damages, for which the Released Defendants shall issue the Plaintiff an IRS 1099 form; and

(iii) one (1) check payable to "Mirer Mazzocchi Schalet Julien & Chickedantz, PLLC" in the amount of $4,166.25, which represents the Plaintiff's attorneys' fees of this action, for which the Released Defendants shall issue IRS 1099 form(s) (Plaintiff's Counsel shall provide the Released Defendants with a completed IRS W-9 form).

(3)     **Payment Three**: Within sixty (60) days of the Payment One Due Date (subject to the provisions of paragraph 3 below), the Released Defendants shall send to Plaintiff's Counsel one-third (1/3) of the Settlement Sum, Twelve-Thousand, Five-Hundred and 0/100 Dollars ($12,500), as follows:

(i) one (1) check payable to "Luis Garcia" in the gross amount of $4,166.88 which represents wages, less applicable employment-related withholdings, for which the Released Defendants shall issue Plaintiff an IRS W-2 form;

(ii) one (1) check payable to "Luis Garcia" in the gross amount of $4,166.87, which represents liquidated damages, for which the Released Defendants shall issue the Plaintiff an IRS 1099 form; and

(iii) one (1) check payable to "Mirer Mazzocchi Schalet Julien & Chickedantz, PLLC" in the amount of $4,166.25, which represents the Plaintiff's attorneys' fees of this action, for which the Released Defendants shall issue IRS 1099 form(s) (Plaintiff's Counsel shall provide the Released Defendants with a completed IRS W-9 form).

8

b)     Plaintiff understands and assumes the responsibility to pay any and all taxes or other payments found to be owed from payments made to Plaintiff pursuant to this Agreement and to hold the Releasees harmless from any claims, assessments, demands, penalties and interest owed, or found to be owed, from or on behalf of Plaintiff as a result of any payment made pursuant to this Agreement, except for the Released Defendants' share of FICA payments, if any, and to indemnify the Releasees for any payment the Released Defendants may be required to make to any taxing authority resulting from the issuance of an IRS form 1099 as a result of Plaintiff's failure to pay any taxes that Plaintiff owes. The Parties agree to cooperate with one another should any state, federal, or local taxing authority approach them with regard to taxes as a result of these payments.

3.     The Holdover Proceeding:     The Released Defendants agree to withdraw the Holdover Proceeding without prejudice against the Plaintiff within seven (7) days of the Effective Date of this Agreement as provided in paragraph 18 below and, until such date, the Released Defendants agree to adjourn, or otherwise cause to be held in abeyance, the Holdover Proceeding. In exchange, the Plaintiff agrees to leave the premises of 1793 Riverside Drive, Basement Apartment B, New York, New York, 10034 (the "Premises"), within thirty (30) days of receipt of Payment One, as defined in Paragraph 2(a)(1), *supra*. If Plaintiff fails to timely vacate the Premises as provided herein, then Plaintiff shall not be entitled to Payment Three. Provided that Plaintiff has vacated the Premises within the time frames provided herein, the Released Defendants agree to release and forever discharge the Plaintiff from any and all known and/or unknown causes of action, arising from his tenancy and/or occupation of the Premises.

9

4.     Confidentiality:  To the extent permitted by the Court and subject to the Court's approval, and to the extent permitted by all applicable laws, the Plaintiff agrees that he shall not knowingly disclose or publicize this Agreement, its terms and provisions, nor the amount of the sum paid in settlement, to anyone except for Plaintiff's Counsel, the Released Defendants' Counsel, Plaintiff's spouse and/or children, if any, financial advisors, or as may be compelled to reveal by law or formal legal process, or required by law, rule or regulation.  Should Plaintiff receive such legal process, Plaintiff shall forward it to the Released Defendants within five (5) days, and in any case so it is actually received before a response is due, as per Paragraph 11 herein.  Plaintiff shall instruct anyone to whom Plaintiff is permitted to reveal the allegations asserted, this Agreement or its terms, to honor this confidentiality provision.  Upon inquiry regarding the matter, the Plaintiff and/or Plaintiff's representatives shall only state that it has been resolved.

5.     Communications Generally:   This Agreement does not apply to employee communications protected by Section 7 of the National Labor Relations Act which includes the right to form, join or assist a labor organization, to bargain collectively and to engage in other concerted activities.  For purposes of clarity, this Agreement does not prohibit Plaintiff from discussing or disclosing information concerning terms and conditions of employment with any Released Defendant or with other employees or with others outside of such employment.

6.     Re-employment or Reinstatement:   Plaintiff agrees that the Released Defendants have no obligation, contractual or otherwise, to hire, employ or recall Plaintiff in the future. Plaintiff agrees not to knowingly apply for employment with the Released Defendants in the future.

10

7.     No Admission of Liability: This Agreement does not constitute an admission by the Releasees of any unlawful or tortious conduct or any violation of any contract or any federal, state or local decisional law, statute, regulation or constitution, nor does any statement made or action taken by or on behalf of the Releasees constitute such an admission. This Agreement is not evidence or proof of any wrongdoing or of an admission regarding any of the Plaintiff's allegations in this Action, and it may not be used for or against any of the Parties hereto in any subsequent litigation, arbitration or other proceeding, except for the express and limited purpose of enforcing the terms of this Agreement.

8.     Representation of Identity: The Plaintiff warrants and represents that Plaintiff is the true Plaintiff in the Action.

9.     Releases:

a)     Subject to the Court's approval and in consideration of the promises and covenants as set forth in this Agreement and as set forth in Paragraph 2 above, once this Agreement becomes effective in accordance with its terms, Plaintiff releases and forever discharges the Releasees from any and all Claims as defined in Paragraph 1(d) in this Agreement.

b)     Within seven (7) business days of the Effective Date of this Agreement, Plaintiff's Counsel shall execute and cause to be filed the Stipulation of Dismissal with Prejudice, attached hereto as Exhibit 1, to conclude and dismiss the Action, along with any other documentation required by the Court to conclude this Action. In addition, Plaintiff and/or Plaintiff's Counsel shall execute all such other document or documents as are reasonably

11

necessary to terminate with prejudice any other judicial, administrative or agency proceeding between the Parties, if any.

c)      Plaintiff accepts the payments and any other consideration identified in this Agreement in full satisfaction of Plaintiff's Claims against the Releasees, and acknowledges that these payments and consideration provide full and adequate relief for Plaintiff's Claims against the Releasees, including any right to back pay, front pay, minimum wage or overtime wages, lost benefits, attorneys' fees, costs or disbursements, liquidated damages or any other or further amounts of damages Plaintiff may have been entitled to pursuant to such Claims against the Releasees. However, nothing in this Agreement shall bar the Plaintiff from pursuing back pay, front pay, minimum wage and/or overtime wages, lost benefits, attorneys' fees, costs and/or disbursements, liquidated damages and/or any other or further amounts of damages from the non-released defendants and/or any other entities or individuals not released under this Agreement as defined in paragraph 1(e).

d) Plaintiff represents that he has not filed any claim, action, complaint, charges, or other proceeding, other than the Action and agrees, to the extent permitted by law, to withdraw any claims previously filed.

e)      Nothing in this Agreement prevents Plaintiff from filing a charge of discrimination with any federal, state or local fair employment practices agency, including but not limited to the United States Equal Employment Opportunity Commission ("EEOC"), or the National Labor Relations Board ("NLRB"), or cooperating with or participating in any such proceeding. If Plaintiff files or participates in a charge, however, he understands that by signing this Agreement, he is waiving his right to recover any monetary or other type of relief (including

12

but not limited to reinstatement, back pay, front pay, damages and attorneys' fees) in connection with any such charges and/or claims.

f)      Should Plaintiff be subpoenaed or otherwise be required to appear in any action or to provide any evidence in a proceeding against the Released Defendants, Plaintiff shall notify them by providing a copy of the subpoena or other document served on Plaintiff as set forth in the notice provisions of Paragraph 11 herein. Such notice must be sent within five (5) days of receipt of such subpoena or other document, unless the subpoena or other document requires compliance in less than five (5) days in which case Plaintiffs shall notify the Released Defendants by facsimile within one (1) day of receipt.

10.      Breach of this Agreement:    If Plaintiff should, after the execution of this Agreement, make, pursue, prosecute, or threaten to make any Claim or allegation, or pursue or commence or threaten to commence any Claim, action, complaint or proceeding against the Released Defendants for or by reason of any cause, matter or thing whatsoever existing up to the present time, this Agreement may be raised as and shall constitute a complete bar to any such Claim, allegation, action, complaint or proceeding. Nothing in this Agreement restricts or limits the Parties' ability to obtain any relief permitted at law for breach of this Agreement, including but not limited to injunctive relief. In addition, if a court of competent jurisdiction should determine that Plaintiff violated any provisions of this Agreement, the Released Defendants shall be entitled to damages and reasonable costs incurred by virtue of defending or prosecuting the same, including reasonable attorneys' fees and costs, without altering or diminishing the effectiveness of the release provisions provided in this Agreement. The recovery of these damages does not preclude the Released Defendants from obtaining additional remedies under

13

Case 1:16-cv-05542-LTS-HBP   Document 62-1   Filed 12/07/16   Page 15 of 25

any applicable statutory or common laws. Nothing in this paragraph shall limit the Parties from enforcing their rights under this Agreement. Nothing in this paragraph shall limit the Plaintiff from pursuing his Claims against the non-released defendants and/or any other entities or individuals not released under this Agreement as defined in paragraph 1(e).

11.    Notices: Notification of any event required pursuant to this Agreement shall be deemed provided if sent in writing by overnight delivery, email and/or by facsimile, as is required by this Agreement, addressed as follows:

> For the Released Defendants:
> Stewart Wurtzel, Esq.
> Tane Waterman & Wurtzel. P.C.
> 120 Broadway, Suite 948
> New York, NY 10271
> Facsimile:  (212) 766-4022
> E-Mail: swurtzel@tww.nyc
>
> For Plaintiff:
> Maria L. Chickedantz, Esq.
> Mirer Mazzocchi Schalet Julien & Chickedantz, PLLC
> 150 Broadway, Suite 1200
> New York, NY 10038
> Facsimile: (212) 409-8338
> E-Mail: maria@mmsjclaw.com

12.    Entire Agreement:    This Agreement embodies the entire Agreement and understanding of the Parties regarding the matters discussed herein, and may not be modified, nor may any of its provisions be waived, except by an express written Agreement signed by the Parties hereto and evidencing an intent to modify this Agreement.

13.    Jurisdiction:    The Parties agree that this Agreement will be construed under the substantive law of the State of New York applicable to contracts made and wholly performed in

14

New York, without regard to any conflicts of law rules. The Parties agree on behalf of themselves and any person claiming by or through them that the sole and exclusive jurisdiction and venue for any litigation arising from or relating to this Agreement shall be the United States District Court for the Southern District of New York, located in Manhattan, and each party hereby irrevocably submits to such jurisdiction and venue, and agrees not to assert any defense of inconvenient forum or otherwise contest such jurisdiction or venue.

14.     Binding Effect/Severability:  Except as otherwise provided, this Agreement shall inure to the benefit of and shall be binding upon the Parties hereto, their personal representatives, successors, heirs, and assigns. If any provision or part of a provision of this Agreement is found to be in violation of law or otherwise unenforceable in any respect, the remainder of this Agreement shall not be affected thereby and each remaining provision or part of this Agreement shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

15.     Captions/Delay:  The captions and headings in this Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Agreement. No failure or delay by Plaintiff or the Released Defendants in exercising any right, power, or privilege under this Agreement shall operate as an election nor a waiver of such right, power or privilege, nor shall any single or partial exercise of such right, power and privilege preclude any subsequent exercise in law, in equity or otherwise.

16.     Counterparts:  This Agreement may be executed in counterparts, each of which shall serve as an original as against any party who signed it, and which taken together shall

15

constitute one document. A copy of a Party's signature on this Agreement shall be accepted in any action against that party to enforce this Agreement.

17.     Section 409A: To the extent applicable, it is intended that this Agreement comply with the provisions of Section 409A of the Internal Revenue Code ("Section 409A") or to provide a basis for exemption from such requirements so that none of the payments and benefits described in this Agreement will be subject to the additional tax imposed under Section 409A. This Agreement will be administered and interpreted in a manner consistent with this intent, and any provision that would cause the Agreement to fail to satisfy Section 409A will have no force and effect until amended to comply therewith (which amendment is to be retroactive to the extent permitted by Section 409A).

a)     For purposes of this Agreement, each amount to be paid or benefit to be provided to you pursuant to this Agreement shall be construed as a separate identified payment for purposes of Section 409A.

b)     Plaintiff acknowledges that he has been advised to consult with, and has consulted with, or chosen not to consult with, his tax adviser(s) in connection with this Agreement, specifically with respect to any 409A implications of this Agreement. Plaintiff further acknowledges and agrees that he has not relied upon attorneys for the Released Defendants for legal or other advice concerning any 409A implications of this Agreement.

18.     Review and Consideration of Agreement; Effective Date:

a)     Plaintiff has been given a period of twenty-one (21) days from receipt of this Agreement to review and consider this Agreement before signing it, and a period of seven (7) days after signing to revoke his signature (the "Consideration Period"). Plaintiff will not be

16

eligible to receive the Settlement Sum described in Paragraph 2(a) of this Agreement unless he timely signs, and does not revoke, this Agreement in accordance with the timeframes contained in this paragraph and the Court approves this Agreement. If Plaintiff signs this Agreement prior to the conclusion of the twenty-one (21) day period, the balance of that period will be considered a knowing and voluntary waiver of such period and his execution shall be considered an affirmative representation that he was free to use the entire period to consider the Agreement and that his waiver was not in any way coerced by the Released Defendants. If the last day of the twenty-one day period falls on a Saturday, Sunday or Holiday, the last day of such period shall be the next business day following the weekend or Holiday.

b) This Agreement becomes effective upon the latest occurring of the following events: (i) execution of this Agreement by the Released Defendants; (ii) the eighth day following Plaintiff's timely execution of this Agreement (provided he has not revoked such execution); and (iii) receipt by the parties of the Court's Approval of this Agreement ("the Effective Date"). For purposes of clarity, in order for this Agreement to become effective, all of the preceding conditions must occur.

19.     Representations by Plaintiff: Plaintiff hereby represents and acknowledges that: (a) Plaintiff has carefully read the Agreement and understands its terms; (b) Plaintiff has had at least twenty-one (21) days to consider this Agreement prior to signing it; (c) Plaintiff has consulted with an attorney regarding this Agreement; (d) the consideration provided in this Agreement is sufficient to support the releases in this Agreement; (e) Plaintiff knows that Plaintiff is giving up important rights; and (f) Plaintiff is signing this Agreement voluntarily and of Plaintiff's own free will.

17

**I HAVE READ AND UNDERSTAND THIS AGREEMENT. I UNDERSTAND THAT BY SIGNING IT, I AM GIVING UP IMPORTANT RIGHTS. I HAVE HAD AN OPPORTUNITY TO CONSULT WITH COUNSEL OF MY CHOOSING AND HAVE DONE SO TO THE EXTENT I DESIRED. I AM SIGNING THIS AGREEMENT VOLUNTARILY AND OF MY OWN FREE WILL.**

Luis Garcia

Date: /2 - 6 - 2016

State of _New York_

County of _New York_

On this 6th day of December 2016, before me came Luis Garcia, to me known and known to me to be the same who executed by hand before me the attached Settlement Agreement on this date.

Notary Public

MARIA CHICKEDANTZ
NOTARY PUBLIC-STATE OF NEW YORK
NO 02CH6315888
QUALIFIED IN KINGS COUNTY
MY COMMISSION EXPIRES 12-01-2018

18

Cloister Apt Corp., signed by: _Carin Lith Pri_

Date: _12/5/16_

State of _NY_

County of _NY_

On this _5th_ day of _Deugh_, 2016, before me came _Caring Lichr_, to me known and known to me to be the same who executed by hand before me the attached Settlement Agreement on this date.

_[signature]_
Notary Public

STEWART EDWARD WURTZEL
Notary Public, State of New York
No. 01WU4712055
Qualified in Nassau County
Commission Expires April 30, 2014

Siren Management Corp., signed by: _Howard Kaulman_

Date: _12/5/16_

State of _New York_

County of _New York_

On this _5th_ day of _December_, 2016, before me came _Howel Caulmuy_, to me known and known to me to be the same who executed by hand before me the attached Settlement Agreement on this date.

_Lisa Cohen_
Notary Public

NOTARY LISA M ...

LISA M COHEN
NOTARY PUBLIC STATE OF NEW YORK
RICHMOND COUNTY
LIC. #01CO6350042
COMMISSION EXPIRES 10/31/20 20

19

Carina Lechter

Date: 12/5/16

State of _____

County of _____

On this 5th day of Dec, 2016, before me came Carina Lechter, to me known and known to me to be the same who executed by hand before me the attached Settlement Agreement on this date.

_____
Notary Public

STEWART EDWARD WURTZEL
Notary Public, State of New York
No. 01WU4712055
Qualified in Nassau County
Commission Expires April 30, 2014

_____
Howard Landman

Date: 12/2/16

State of _____

County of _____

On this 2ne day of December, 2016, before me came Howard Landman, to me known and known to me to be the same who executed by hand before me the attached Settlement Agreement on this date.

_____
Notary Public

LISA M COHEN
NOTARY PUBLIC STATE OF NEW YORK
RICHMOND COUNTY
LIC. #01CO6350042
COMMISSION EXPIRES 10/31/2020

20

Jeffrey Heidings

Date: 12/2/16

State of

County of

On this 2nd day of December, 2016, before me came Jeffrey Heidings, to me known and known to me to be the same who executed by hand before me the attached Settlement Agreement on this date.

Notary Public

**LISA M COHEN**
NOTARY PUBLIC STATE OF NEW YORK
RICHMOND COUNTY
LIC. #01CO6350042
COMMISSION EXPIRES 10/31/20 20

Rosa Reichman

Date: 12/5/16

State of

County of

On this 5th day of Dec , 2016, before me came Rosa Reichman, to me known and known to me to be the same who executed by hand before me the attached Settlement Agreement on this date.

Notary Public

STEWART EDWARD WURTZEL
Notary Public, State of New Yo~
No. 01WU4712055
Qualified in Nassau Cou
Commission Expires April 30, 2019

21

Case 1:16-cv-05542-LTS-HBP Document 62-1 Filed 12/07/16 Page 23 of 25

Nigel Hendrickson

Date:

State of

County of

On this $5$ day of $\textit{Drial}$, 2016, before me came Nigel Hendrickson to me known and known to me to be the same who executed by hand before me the attached Settlement Agreement on this date.

Notary Public

STEWART EDWARD WURTZEL
Notary Public, State of New York
No. 01WU4712055
Qualified in Nassau County
Commission Expires April 30, 2019

Gail Gerzetic

Date:

State of

County of

On this $\textit{Sh}$ day of $\textit{Drinl}$, 2016, before me came Gail Gerzetic, to me known and known to me to be the same who executed by hand before me the attached Settlement Agreement on this date.

Notary Public

STEWART EDWARD WURTZEL
Notary Public, State of New York
No. 01WU4712055
Qualified in Nassau County
Commission Expires April 30, 2019

22

# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUIS GARCIA, on behalf of himself and others similarly
situated

                         Plaintiff,

          v.

CLOISTER APT CORP., SIREN MANAGEMENT
CORP., EDEL FAMILY MANAGEMENT CORP. a/k/a
EDEL FAMILY MGT. CORP., FLORENCE
EDELSTEIN, MICHAEL EDELSTEIN, CARINA
LECHTER, HOWARD LANDMAN, JEFFREY
HEIDINGS, ROSA REICHMAN, NIGEL
HENDRICKSON, GAIL GERZETIC, jointly and
severally,

                         Defendants.

Case No.: 16-CV-5542 (LTS)(HBP)

STIPULATION OF PARTIAL
DISMISSAL WITH PREJUDICE

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned
counsel, that all claims asserted against defendants CLOISTER APT CORP., SIREN
MANAGEMENT CORP., CARINA LECHTER, HOWARD LANDMAN, JEFFREY
HEIDINGS, ROSA REICHMAN, NIGEL HENDRICKSON and GAIL GERZETIC (the
Released Defendants) in the above-entitled action be dismissed with prejudice and with the
plaintiff and Released Defendants specifically waiving any right to claim costs, disbursements or
attorneys' fees as against each other arising from the instant litigation, other than as laid out in
the settlement agreement between the Plaintiff and the Released Defendants.

Dated: _____

MIRER MAZZOCCHI SCHALET
JULIEN & CHICKEDANTZ, PLLC
Attorneys for Plaintiff
150 Broadway, Suite 1200
New York, NY 10038

By:_____
     Maria Lauren Chickedantz, Esq.
     maria@mmsjlaw.com

Dated: _____

TANE WATERMAN & WURTZEL, P.C.
Attorneys for the Released Defendants
120 Broadway, Suite 948
New York, NY 10271

By:_____
     Stewart Wurtzel, Esq.
     swurtzel@tww.nyc


                         SO ORDERED:


                         _____