UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
LUIS GARCIA, on behalf of himself and other similarly situated,

                              Plaintiffs,

        -against-

CLOISTER APT CORP., SIREN MANAGEMENT CORP., EDEL FAMILY MANAGEMENT CORP. a/k/a EDEL FAMILY MGT. CORP., FLORENCE EDELSTEIN, MICHAEL EDELSTEIN, CARINA LECHTER, HOWARD LANDMAN, JEFFREY HEIDINGS, ROSA REICHMAN, NIGEL HENDRICKSON, GAIL GERZETIC, jointly and severally,

                              Defendants.
-------------------------------------------------------------------X

Case No.: 16-cv-5542
      (LTS)

# EDELSTEIN DEFENDANTS' OPPOSITION TO THE PROPOSED SETTLEMENT BETWEEN PLAINTIFF, CLOISTER APT. CORP., SIREN MANAGEMENT CORP., CARINA LECHTER, HOWARD LANDMAN, JEFFREY HEIDINGS, ROSA REICHMAN, NIGEL HENDRICKSON and GAIL GERZETIC

FORCHELLI, CURTO, DEEGAN, SCHWARTZ, MINEO & TERRANA, LLP
*Attorneys for Edelstein Defendants*
The Omni
333 Earle Ovington Blvd., Suite 1010
Uniondale, New York 11553

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

PROCEDURAL BACKGROUND........................................................................................ 2

STANDARD OF REVIEW ................................................................................................... 3

ANALYSIS ............................................................................................................................ 5

   A. The Proposed Settlement Is Unreasonable Because it Only Provides for a Recovery of Five Percent of Unpaid Wages, Liquidated Damages and Penalties. ................................ 5

   B. The Proposed Settlement Does Not Avoid Costs and Legal Fees. ........................................ 8

   C. The Proposed Settlement Improperly Includes a Confidentiality and General Release. .... 9

   D. The Proposed Settlement Raises the Suspicion that it was Entered as a Result of Fraud and Collusion. .................................................................................................................. 10

CONCLUSION.................................................................................................................... 11

i

# **TABLE OF AUTHORITIES**

**Cases**

*Barfield v. N.Y. City Health & Hosps. Corp.*,
   537 F.3d 132 (2d Cir. 2008) ................................................................................................ 7

*Brooklyn Sav. Bank v. O'Neil*,
   324 U.S. 697, 65 S. Ct. 895, 89 L. Ed. 1296 (1945) ........................................................... 3

*Chamoro v. 293 3rd Café Inc.*,
   2016 WL 5719799 (S.D.N.Y. Sept. 30, 2016) .................................................................... 6

*Cheeks v. Freeport Pancake House, Inc.*,
   796 F.3d 199 (2d Cir. 2015) ............................................................................................ 3, 4

*Guerra-Alonso v. W. 54 Deli, Corp.*,
   2015 WL 3777403 (S.D.N.Y. May 22, 2015) ..................................................................... 9

*Martinez v. Bohls Bearing Equipment Co.*,
   361 F.Supp.2d 608 (W.D.Tex.2005) ................................................................................... 4

*Mosquera v. Masada Auto Sales, Ltd.*,
   2011 WL 282327 (E.D.N.Y. Jan. 25, 2011) ............................................................... 4, 8, 9

*Scherzer v. LVEB, LLC*,
   2015 WL 7281651 (E.D.N.Y. Nov. 16, 2015) .................................................................... 9

*Souza v. 65 St. Marks Bistro*,
   2015 WL 7271747 (S.D.N.Y. Nov. 6, 2015) ...................................................................... 9

*Wolinsky v. Scholastic Inc.*,
   900 F. Supp. 2d 332 (S.D.N.Y. 2012). ................................................................................ 4

*Zheng v. Liberty Apparel Co. Inc.*,
   355 F.3d 61 (2d Cir. 2003) .................................................................................................. 7

**Statutes**

29 U.S.C. §207 .......................................................................................................................... 7

**Regulations**

29 C.F.R. §791.2 ....................................................................................................................... 7

**PRELIMINARY STATEMENT**

Plaintiff, Luis Garcia ("Plaintiff"), who allegedly worked as a building maintenance employee for the Cloister Apt. Corp., a cooperative corporation, filed this action seeking unpaid wages, overtime premiums and penalties for all wages earned from July 11, 2010 until April 15, 2016. In this action, Plaintiff named Cloister Apt. Corp., the cooperative corporation who owns the premises where he alleges that he lived and completed a majority of his work, Edel Family Management Corp., the property manager of the property from July 2010 until February 29, 2016, Siren Management Corp., the property manager from March 1, 2016 until April 16, 2016, as well as individual members of the Cloister Board. Plaintiff, Siren Management Corp., Cloister Apt. Corp. and certain members of the Cloister Apt. Corp. Board, has presented a proposed settlement agreement for the Court's approval. The proposed settlement provides for payment of less than five percent (5%) of the entire wages allegedly owed to Plaintiff. This agreement must be rejected because it is unfair and unreasonable and leaves Edel Management Corp. potentially liable for the remaining 95% of the liability. This agreement is inequitable, and based on the flawed assumption that Cloister, where Plaintiff states he lived and completed a majority of his work, will not be responsible for the remaining 95% of the liability, despite the fact that it is the party who benefit the most from Plaintiff's labor.

As set forth below, the proposed settlement must be rejected because on its face it is unfair an unreasonable because: (a) it provides for less than five percent (5%) recovery of Plaintiff's unpaid wages, and conditions the receipt of one-third of the settlement payment of Plaintiff vacating the subject premises; (b) does not absolve Plaintiff from the cost and uncertainty of continued litigation; (c) improperly includes a confidentiality provision and a general release, without providing for any additional consideration; and (d) raises the possibility

1

of fraud and collusion. For these reasons the proposed settlement is unfair, unreasonable and against public policy and must be rejected by the Court.

## PROCEDURAL BACKGROUND

On July 14, 2016, Plaintiff commenced an action against Cloister Apt. Corp. ("Cloister"), Siren Management Corp. ("Siren"), Edel Family Management Corp. a/k/a Edel Family Mgt. Corp. ("Edel Corp."), Florence Edelstein, Michael Edelstein, Carina Lechter, Jeffery Heidings, Rosa Reichman, Nigel Hendrickson and Gail Gerzetic (collectively "Defendants"), seeking unpaid wages and overtime premiums for work performed at 1793 Riverside Drive from July 11, 2010 to April 15, 2016, and recording keeping violations under the federal Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Complaint [DE3] at ¶¶3-4.

Plaintiff alleges that he worked as a building service employee at 1793 Riverside Drive, New York, New York (the "Premises"). [DE3] at ¶1. The Premises is owned by Cloister, a cooperative corporation. [DE3] at ¶13. Defendants Edel Corp. and Siren were the property managers for the Premises. [DE3] at ¶24. Plaintiff alleges that Edel Corp. was the manager during the period from July 12, 2010 through February 29, 2016 and Siren was the manager from March 1, 2016 through April 15, 2016. [DE 62-2]. The individually named defendants were members of Cloister's Board. [DE3] at ¶¶18-23.  It is alleged that Florence and Michael Edelstein are officers of the Edelstein Corp. [DE3] at ¶¶16-17. Plaintiff alleges that all defendants were his employer from July 12, 2010 through April 15, 2016. [DE3] at ¶¶24-34.

On December 7, 2016, Plaintiff, Cloister, Siren and individually named defendants Lechter, Heidings, Reichman, Hendrickson and Gerzetic (collectively "Settling Defendants") filed a joint motion to approve a proposed settlement agreement ("Proposed Settlement"), in the amount of $37,500. [DE62].  The Proposed Settlement provides for a payment of $24,734.57 in

unpaid wages, liquidated damages and penalties, and $12,765.43 in legal fees. [DE62-1]. By letter motion dated December 8, 2016, non-settling defendants, Edel Corp., Florence Edelstein and Michael Edelstein ("Edelstein Defendants") requested leave to oppose the Proposed Settlement because it is unfair, unreasonable and raises the possibility of fraud and collusion. [DE63]. By Order dated December 12, 2016, the Edelstein Defendants were granted leave to file opposition to the Proposed Settlement. [DE64].

The Proposed Settlement must be rejected because it provides for a complete and absolute release against Cloister and certain members of the Cloister Board, but does not provide for the payment of any wages for the period from July 12, 2010 until February 29, 2016, provides for a general release against all claims, including a pending landlord tenant proceeding, conditions the receipt of the third payment of unpaid wages on Plaintiff vacating the Premises, and the Proposed Settlement raises the possibility of fraud and collusion.

## STANDARD OF REVIEW

It is well established that the FLSA is a remedial statute, which was enacted by Congress "to protect certain groups of the population from substandard wages and excessive hours which endangered the national health and well-being and the free flow of goods in interstate commerce…To accomplish this purpose standards of minimum wages and maximum hours were provided." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707, 65 S. Ct. 895, 902, 89 L. Ed. 1296 (1945).  To ensure that the public policy implications of the FLSA are not compromised, "(1) employees may not waive the right to recover liquidated damages due under the FLSA; and (2) … employees may not privately settle the issue of whether an employer is covered under the FLSA." *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 203 (2d Cir. 2015).

To ensure that the remedial nature of the FLSA statute is protected, parties may only enter into a private settlement where there "exists a bona fide dispute as to liability." *Cheeks*, 796 F.3d at 204, *citing Martinez v. Bohls Bearing Equipment Co.,* 361 F.Supp.2d 608, 633 (W.D.Tex.2005). Further, even where there is a *bona fide* dispute as to liability, "an employee may not waive or otherwise settle an FLSA claim for unpaid wages for less than the full statutory damages unless the settlement is supervised by the Secretary of Labor or made pursuant to a judicially supervised stipulated settlement." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

When reviewing an FLSA settlement, "[t]he ultimate question is whether the proposed settlement reflects a fair and 'reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Wolinsky*, 900 F. Supp. 2d at 335, *citing Mosquera v. Masada Auto Sales, Ltd.,* 2011 WL 282327, at *1 (E.D.N.Y. Jan. 25, 2011). In determining whether an agreement is fair and reasonable:

> a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335.

The proposed settlement agreement is not fair and reasonable. Particularly, (a) the proposed settlement represents only a five percent (5%) recovery in potential unpaid wages, liquidated damages and penalties against the Cloister; (b) the settlement, while saving Cloister significant legal fees and costs, will not save Plaintiff any additional legal fees as he will continue to litigate this matter against the Edelstein Defendants, and increases the risk of

4

litigation because Plaintiff must now seek the remaining ninety-five percent (95%) of the unpaid wages against only the Edelstein Defendants; (c) the Proposed Settlement includes a Confidentiality Provision and General Release; and (d) there is the potential that the Proposed Settlement is the result of fraud and collusion, given the small percentage of recovery against the Cloister, and the fact that the settlement only provides a release to select members of the Cloister Board, evidencing the parties colluding to shift all of the liability to the Edelstein Defendants.

All of these factors evidence that the proposed settlement agreement is unfair and unreasonable, with all of the benefits stemming to defendant Cloister and certain members of the Cloister Board. This is exactly the kind of agreement, with all of the benefits flowing to the employer, and all of the future risk being shifted to the employee, which is against the policy of the FLSA, and demonstrates why an FLSA agreement must be supervised and approved by the Court.

The Edelstein Defendants who are the remaining parties who will have to continue to defend this action and who may be liable for the balance of Plaintiff's claims has an interest in the outcome of the motion to approve the Proposed Settlement, and accordingly has standing to oppose the agreement.

## ANALYSIS

A. *The Proposed Settlement Is Unreasonable Because it Only Provides for a Recovery of Five Percent of Unpaid Wages, Liquidated Damages and Penalties.*

The Proposed Settlement is unreasonable because it provides Cloister, and certain members of the Cloister Board, with a complete release against all claims from July 12, 2010 through present, without Cloister paying any wages for the period of July 12, 2010 through February 29, 2016. This is an inequitable result and goes against the policy of the FLSA.

5

When determining whether the settlement amount is fair and reasonable, the entire time period covered by the Complaint and all of Plaintiff's alleged damages must be considered by the Court. The reason that the entire time period, and not just the six weeks from March 1, 2016 through April 15, 2016, must be considered when reviewing the Proposed Agreement is due to the fact that Plaintiff is providing Cloister and certain members of the Cloister Board with a complete release from all potential claims. The motion to confirm the Proposed Settlement states that "Plaintiff lives and performed a large proposed of his work" at the Premises, which is owned by the Cloister. [DE62 at 4]. Therefore, Cloister, as the owner of the Premises where Plaintiff completed the majority of his work and where he was provided with house was the primary beneficiary of Plaintiff's labor for the entire time period alleged in the Complaint.

Plaintiff calculates his unpaid wages, overtime, liquidated damages and notice keeping penalties for the period from July 11, 2010 through April 15, 2016 to be $492,982.40 [DE62-2]. The Proposed Settlement only provides for payment of $24,734.57 in unpaid wages [DE62-3], representing a recovery of five percent (5%) of potential unpaid wages! This is a woefully inadequate recovery, and does not represent a "'substantial proportion…of the total possible amount' that Plaintiff could recover in this litigation." *Chamoro v. 293 3rd Café Inc.*, 2016 WL 5719799, at *2 (S.D.N.Y. Sept. 30, 2016) (finding a 71.8% recovery was a "substantial proportion.")

Plaintiff and the Settling Defendants attempt to side-step the issue of the reasonableness of the settlement amount, based on the unsupported proposition that Cloister is only likely to be found liable for the period of time in which Siren was the property manager, but not when Edel Corp. was the property manager. *See* Joint Motion [DE62] at 4. This proposition is utterly absurd and has no basis in either law or fact. While Cloister is willing to provide nearly a one hundred

6

percent recovery for all unpaid wages, overtime premiums, liquidated damages and penalties allegedly earned by Plaintiff from March 1, 2016 – April 15, 2016 ($15,892.50 according to Plaintiff's calculations [DE62-2]), it exclaims that it has no liability for the prior six years when Plaintiff lived at the Premises owned by the Cloister and completed a majority of his work on the Premises for the benefit of Cloister, its shareholders and the residents of the Premises.

Nothing is presented in the Motion to demonstrate why a change in management companies would absolve Cloister from any responsibility to pay Plaintiff wages and overtime, when it is Cloister who is the only defendant that benefitted from Plaintiff's labor during the entire time period covered by Plaintiff's Complaint.  It is for this reason that when reviewing the Proposed Settlement the Court must look to the entire time period, and Plaintiff's full calculation of potential liability and damage when determining whether the settlement is fair and reasonable.[1]

Even more egregious is the fact that Plaintiff is not even guaranteed to receive the entire amount of the Proposed Settlement payment. In addition to resolving Plaintiff's unpaid wage, overtime, and retaliation claims, the Proposed Settlement provides for the resolution of an ongoing landlord tenant action captioned *Cloister Apartment Corp v. Luis Garcia,* Index No. LT-

---

[1] The Edelstein Defendants do not admit, and specifically deny, that they were Plaintiff's employer. However, for the purposes of this motion the Edelstein Defendants take the position that at a minimum during the time period from July 12, 2010 to February 29, 2016, the Cloister was Plaintiff's co-employer and more like Plaintiff's actual employer. Under the FLSA, any employer, whether they be the employee's sole employer or are considered a joint employer, are liable, either individual or jointly and severally for the employee's wages. *See* 29 U.S.C. §207(a)(2)(C); 29 C.F.R. §791.2. Under the FLSA, "[a]n entity 'employs' an individual…if it 'suffer[s] or permit[s]' that individual to work." *Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61, 66 (2d Cir. 2003). The Second Circuit "treat[s] employment for FLSA purposes as a flexible concept to be determined on a case-by-case basis by review of the totality of the circumstances." *Barfield v. N.Y. City Health & Hosps. Corp.*, 537 F.3d 132, 141–42 (2d Cir. 2008). Here, it is alleged that Plaintiff lived at the Cloister and completed a majority of his labor at the Cloister for the benefit of the Cloister, at the direction of the Cloister and ultimately supervised by the owner of the Cloister. Given that the benefit of Plaintiff's work flowed to the Cloister, and it was Cloister who would have supplied the material and equipment with which Plaintiff completed his work, it is illogical for Cloister to allege that it was not, at a minimum, Plaintiff's joint employer, if not sole employer, during the entire period of time alleged in the Complaint. It is for this reason that any disclaimer of liability by Cloister, particularly before any discovery has been completed, is not credible.

7

0692303-16/NY. Paragraph 3 of the Proposed Settlement entitled "Holdover Proceeding" provides that Plaintiff must vacate the Premises within thirty (30) days of receipt of the first installment of the Proposed Settlement, and "[i]f Plaintiff fails to timely vacate the Premises as provided herein, then Plaintiff shall not be entitled to Payment Three." [DE62-1] at 9. This type of conditioned payment evidences the type of inequitable bargaining power held by employees, which the FLSA was enacted to remedy. *See Mosquera,* 2011 WL 282327, at *1 ("FLSA places 'strict limits on an employee's ability to waive claims for fear that employers [will] coerce employees into settlement and waiver.'"). If Plaintiff does not vacate the Premises, then he will only receive two-thirds of the settlement, or $16,400.82, which is only a three percent (3%) recovery. The Proposed Settlement, which only provides for a fraction of Plaintiff's unpaid wages, and conditions payment on Plaintiff vacating the Premises, is unfair, unreasonable and cannot be approved by the Court.

    B. *The Proposed Settlement Does Not Avoid Costs and Legal Fees.*

Another factor weighing against the fairness and reasonableness of the Proposed Settlement is that it does not assist Plaintiff in avoiding the costs and risks of continued litigation. Here, in order for Plaintiff to recover the remaining ninety-five (95%) of his unpaid wage claim, he must continue to litigate against the Edelstein Defendants. The only party who benefits from not having to continue to expend legal fees is the Cloister who will not have to pay additional legal fees to defend against this action – or to continue to prosecute the eviction action against Plaintiff. The FLSA is meant to protect employees, not employers.  Further, the Proposed Settlement shifts the risk of litigation to Plaintiff because now Plaintiff may only seek recovery of 95% of the potential unpaid wages against one defendant.  Accordingly, the Proposed

8

Settlement will not allow Plaintiff to avoid the cost and uncertainty of continued litigation and for this reason is neither fair nor reasonable.

C. *The Proposed Settlement Improperly Includes a Confidentiality and General Release.*

The Proposed Settlement also should be rejected because it includes a broad confidentiality provision (Paragraph 4) and a general release (Paragraphs 1(d), (e) and 9). Settlement agreements under the FLSA are routinely rejected for including a confidentiality provision. *See Mosquera*, 2011 WL 282327, at *1 (collecting cases). For a settlement agreement with a confidentiality agreement to be approved, "parties must make a substantial showing of a need for the terms of their settlement to contain a confidentiality provision under to overcome the factors weighing in favor of public access." *Id.* Here, the motion to approve the settlement makes *no reference* to the confidentiality provision, and does not present the "substantial showing" required to demonstrate why the confidentiality provision is required.

Additionally, Paragraph 1(d), (e) and 9 provide a broad general release covering all potential claims, including, but not limited to, Title VII and FMLA, in addition to the FLSA and NYLL claims. Settlement agreements "containing releases that 'are far too sweeping to be fair and reasonable'" are routinely rejected by the courts. *Scherzer v. LVEB, LLC*, 2015 WL 7281651, at *2 (E.D.N.Y. Nov. 16, 2015). Indeed, courts routinely reject settlement agreements with general releases because "'an employer is not entitled to use an FLSA claim ... to leverage a release from liability unconnected to the FLSA.'" *Souza v. 65 St. Marks Bistro*, 2015 WL 7271747, at *5 (S.D.N.Y. Nov. 6, 2015), *citing Guerra-Alonso v. W. 54 Deli, Corp.,* 2015 WL 3777403, at *1 (S.D.N.Y. May 22, 2015). This leveraging is evidenced by the fact that in addition to the broad and sweeping release language included in the agreement, payment of the third installment of the settlement amount is conditioned on Plaintiff vacating the Premises.

9

What more, as all of the settlement payments are described in the agreement as unpaid wages, from which the Settling Defendants will make all applicable employment related holdings (Paragraph 2(a)(I)(i)), no premium has been paid for this overly broad release. This is exactly the kind of broad sweeping release and leveraging which is against FLSA's purpose to remedy the inequities that exist in the employer and employee relationship, and for this reason renders the agreement unfair, unreasonable and unenforceable as a matter of law.

> D. The Proposed Settlement Raises the Suspicion that it was Entered as a Result of Fraud and Collusion.

Additionally, the Proposed Settlement should be rejected because it demonstrates that Plaintiff and the Settling Defendants have colluded to shift all liability to the Edelstein Defendants. The Proposed Settlement provides Cloister and certain members of the Cloister Board with a substantial benefit – a complete release of *all claims,* including wage and hour claims under State and Federal Law, and an agreement for Plaintiff to vacate the Premises, in exchange for only 5% of all potential liabilities. This gross inequity raises a question as to whether the settlement was reached as a result of fraud and collusion.

Further, the question of whether the parties improperly colluded is evidenced by the fact that the Proposed Settlement provides a complete release to only certain members of the Cloister Board, but provides no release to Florence Edelstein and Michael Edelstein, who were and in the case of Florence Edelstein remain, members of the Cloister Board. This selective treatment of the members of the Cloister Board, and the agreement to provide a release to only certain members of the Cloister Board, while excluding the two other members of the Cloister Board, further illustrates that the Proposed Settlement is nothing more than an effort between the parties to collude and shift all liability onto the Edelstein Defendants to the detriment of Plaintiff. This is particularly egregious in light of the fact that no discovery has been conducted yet, and Plaintiff

alleges that it was Cloister, its Board Members, shareholders and residents who derived the most benefit from his labor. For this reason, the Proposed Settlement is unfair and cannot be approved by this Court.

The Proposed Settlement does not pass the *Cheeks* test – the amount agreed to is well below Plaintiff's projected recovery and the agreement shifts the entire burden to the Edelstein Defendants despite the fact that it was Cloister who was the party who supervised Plaintiff, stood to benefit the most from Plaintiff's labor and was Plaintiff's actual employer.[2] Therefore, the Proposed Settlement is unfair, unreasonable and must be rejected by this Court.

## CONCLUSION

For the foregoing reasons the Court should reject the joint motion and deny the Proposed Settlement because it is unfair, unreasonable and against public policy.

Dated:      December 23, 2016
            Uniondale, New York

                                        Respectfully submitted,

                                        */s/ Gregory S. Lisi*
                                        Gregory S. Lisi, Esq.
                                        Lisa M. Casa
                                        FORCHELLI, CURTO, DEEGAN,
                                        SCHWARTZ, MINEO & TERRANA, LLP
                                        *Attorneys for Edelstein Defendants*
                                        The OMNI
                                        333 Earle Ovington Blvd., Suite 1010
                                        Uniondale, New York 11553
                                        Telephone: (516) 248-1700

---

[2] *See* Footnote 1.

11