UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

LUIS GARCIA, on behalf of himself and
others similarly situated,

        Plaintiff,

  -v-                                              No. 16 CV 5542-LTS

CLOISTER APT CORP. et al.,

        Defendants.

-------------------------------------------------------x

## MEMORANDUM OPINION AND ORDER

Plaintiff Luis Garcia brings this action against Defendants Cloister Apt. Corp. ("Cloister"), Siren Management Corp. ("Siren"), Edel Family Management Corp. ("EFM"), Florence Edelstein, Michael Edelstein, Carina Lechter, Howard Landman, Jeffrey Heidings, Rosa Reichman, Nigel Hendrickson, and Gail Gerzetic, asserting claims pursuant to the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") for federal and state wage and hour law violations. On December 7, 2016, Defendants Cloister, Siren, Lechter, Landman, Heidings, Reichman, Hendrickson, and Gerzetic (collectively, the "Settling Defendants") filed a letter motion seeking approval of a settlement agreement with Plaintiff. (Docket entry no. 62, the "Settlement Ltr.") Defendants EFM, Florence Edelstein, and Michael Edelstein (collectively, the "Edelstein Defendants") objected to the settlement and brought a cross-claim seeking indemnification from Cloister. (See docket entry no. 67; docket entry no. 88, Edelstein Defendants' Amended Answer ("Am. Answer") ¶¶ 109-116.) On January 12, 2017, Garcia filed an amended settlement agreement. (Docket entry no. 73-1, the "Amended Settlement Agreement.") Cloister now moves pursuant to Federal Rule of Civil Procedure

12(b)(6) to dismiss the Edelstein Defendants' cross-claim. (Docket entry no. 91.) The Court has considered carefully all of the parties' submissions and, for the reasons that follow, Cloister's motion to dismiss is granted and the proposed Amended Settlement Agreement is approved.

BACKGROUND

The following recitation of relevant facts is drawn from Garcia's Complaint and the Edelstein Defendants' cross-claim, the well-pleaded allegations of which are taken as true for the purposes of this motion to dismiss.

Plaintiff Luis Garcia worked as a building service employee at 1793 Riverside Drive from June 11, 2010, to April 15, 2016. (Docket entry no. 3, Complaint ("Compl.") ¶¶ 47-48.) While employed at 1793 Riverside, Garcia performed various cleaning, maintenance, and repair tasks. (Id. ¶ 50.) Garcia alleges that he worked 70 hours per week, and was paid nothing for his work. (Id. ¶ 49.) 1793 Riverside Drive is owned by Cloister. (Id. ¶ 13.) Carina Lechter, Rosa Reichman, Nigel Hendrickson, and Gail Gerzetic are members of the Cloister cooperative board of directors. (Id. ¶¶ 18, 21-24.) Defendant EFM was the property manager for 1793 Riverside Drive from July 12, 2010 through February 29, 2016. (Id. ¶ 15; Settlement Ltr. at 2.) Florence and Michael Edelstein are officers of EFM. (Compl. ¶¶ 16-17.) On March 1, 2016, Siren replaced EFM as the residential management company for 1793 Riverside Drive. (Settlement Ltr. at 2.) Jeffrey Heidings and Howard Landman are owner-operators of Siren. (Compl. ¶¶ 19-20.)

On July 30, 2002, Cloister executed a Management Agreement with E.F.M. Realty Corp. (Am. Answer ¶ 109; see also id. Ex. A, the "Agreement.") EFM alleges that, at the time the Agreement was executed, E.F.M. Realty Corp. was a trade name for Defendant EFM. (Id. ¶ 110.) Under the terms of the Agreement, EFM was engaged to act as the "exclusive

managing agent" for 1793 Riverside Drive.  (Agreement ¶ 1.)  Paragraph 2(a) of the Agreement provides that EFM shall:

> Cause to be interviewed, screened, employed subject to [Cloister's] prior approval, paid and supervised, all persons necessary to be employed in order to properly maintain and operate [1793 Riverside Drive.]  All such employees in or about the Building are hereby declared to be employees of [Cloister] and not of [EFM], and [Cloister] at its cost and expense shall defend any suit brought against [Cloister] or [EFM] on account of the operation or maintenance of said property including injuries to employees or others, and [Cloister] shall hold harmless and fully indemnify [EFM] for any loss to Agent on account thereof.  [EFM], at the direction of [Cloister], will discharge all persons who are unnecessary or undesirable.

(Id. ¶ 2(a).)  Paragraph 5 of the Agreement provides that Cloister will indemnify EFM against any liability "for injury to any person or property in, about and in connection with [1793 Riverside Drive], from any cause whatsoever," unless the injury is caused by EFM's own willful misconduct or failure to comply with its obligations under the Agreement.  (Id. ¶ 5.)  The Edelstein Defendants assert that, pursuant to paragraph 2(a) of the Agreement, Garcia was an employee of Cloister, and that, pursuant to paragraphs 2(a) and 5 of the Agreement, Cloister is obligated to indemnify the Edelstein Defendants for any damages awarded to Garcia.  (Am. Answer ¶¶ 113, 116.)

## DISCUSSION

### Cloister's Motion to Dismiss EFM's Cross-Claim

To survive a motion to dismiss, a cross-claim, like any other pleading asserting a claim for relief, must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A proper cross-claim cannot simply recite legal conclusions or bare elements of a cause of action; it must plead factual content that

"allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

In Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 143-44 (2d Cir. 1999), the Second Circuit held that there is "no right of contribution or indemnification for employers found liable under the FLSA." Subsequent decisions in this circuit have followed Herman and extended its reasoning to contractual indemnification claims, as well as indemnification claims for liability under the NYLL. See, e.g., Gustafson v. Bell Atlantic Corp., 171 F. Supp. 2d 311, 328 (S.D.N.Y. 2001) (finding defendants' attempt to characterize their claim as a request for breach of contract damages rather than an action for indemnification under the FLSA "unpersuasive"); see also Holt v. Animation Collective, Inc., No. 13 Civ. 2552, 2014 WL 1413548, at *3 (S.D.N.Y. Apr. 10, 2014) (rejecting indemnification claim under the NYLL). These courts have noted that "allowing indemnification . . . would permit employers to contract away their obligations under the FLSA, a result that flouts the purpose of the statute." Gustafson, 171 F. Supp. 2d at 328; see also Goodman v. Port Authority of New York and New Jersey, 850 F. Supp. 2d 363, 388-89 (S.D.N.Y. 2012) ("[A] holding that the indemnification clause is enforceable would indeed mean that employers would have little reason to be concerned over . . . [compliance] with the statutorily mandated and unwaivable overtime pay requirements of the FLSA, knowing full well that if they are later found to have violated such requirements, such employers would be totally compensated for any injuries resulting from such action.") (quoting Local 1035, Int'l Bd. Of Teamsters v. Pepsi Allied, 99 F. Supp. 2d 219, 221 (D. Conn. 2000)).

Therefore, under Herman and the prevailing law in this circuit, the Edelstein Defendants may not, as a matter of law, sustain an indemnification cross-claim for liability under

the FLSA or NYLL.[1] In reaching this conclusion, the Court finds Plaintiff's attempt to distinguish Herman from the instant case unpersuasive. In Herman, the Second Circuit held that the defendant—a fifty-percent shareholder who held various officer positions in a security company that employed the plaintiff—could not sustain an indemnification claim against a co-shareholder or the vice president of the company for FLSA violations. 172 F.3d at 136, 143. Plaintiff argues that Herman only bars indemnification claims brought by employers against employees who are supervisors and happen to be classified as employers for FLSA purposes, but does not preclude such claims against third parties who are not employees. (Docket entry no. 97 at 9-10.) This distinction is unsupported by Herman, where the court did not characterize defendant's co-shareholder or vice president as his employees, and specifically rejected the defendant's argument that indemnification claims comported with the purpose and policy of FLSA. See 172 F.3d at 143. The Herman court noted that the defendant's "status as an employer places him outside of [FLSA's] intended protection, regardless of the status of the party from whom he seeks contribution." Id. Accordingly, the Edelstein Defendants' cross-claim against Cloister for indemnification must be dismissed.

Joint Motion for Approval of FLSA Settlement

"[B]efore a district court enters judgment on an FLSA settlement agreement, it must scrutinize the settlement agreement to determine that the settlement is fair and reasonable."

---

[1] The Court acknowledges that at least three courts in this circuit have enforced contractual indemnification claims against employers who are liable under FLSA, but discerns no principled reason justifying a departure from Second Circuit precedent or the prevailing law in this circuit from those cases, which do not discuss Herman at all. See Bogosian v. All American Concessions, No. 06-CV-1633, 2011 WL 4460362, at *3-4 (E.D.N.Y. Sept. 26, 2011); Amaya v. Garden City Irrigation, Inc., No. 03-CV-2814, 2011 WL 564721, at *5 (E.D.N.Y. Feb. 15, 2011); Paganas v. Total Maint. Solution, LLC, 220 F. Supp. 3d 247, 263 (E.D.N.Y. 2016).

Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). "The ultimate question is whether the proposed settlement reflects a fair and reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." Id. (internal quotation marks and citation omitted). In determining whether a settlement is fair and reasonable, a court considers the totality of the circumstances, encompassing a range of factors including: "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." Id. (internal quotation marks and citation omitted). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (internal quotation marks and citation omitted). Moreover, following the Second Circuit's decision in Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015), parties may not privately settle FLSA claims without approval of either the district court or the Department of Labor.

    The Court has carefully considered the Settling Defendants' joint submission, which includes a letter memorandum, a proposed settlement agreement, and proposed damages calculations. (See docket entry no. 62.) The Court has also reviewed the Edelstein Defendants' objection to the settlement, (docket entry no. 67), the Settling Defendants' reply to the Edelstein objection, (docket entry no. 74), and Plaintiff Garcia's reply to the Edelstein objection, which includes the proposed Amended Settlement Agreement (docket entry no. 73). In light of the

factors articulated above, as well as the Court's review of the proposed Amended Settlement Agreement and the parties' representations as set forth in the Settling Defendants' joint letter memorandum, Settling Defendants reply to the Edelstein objection, and Garcia's reply to the Edelstein objection, the Court finds that the proposed Amended Settlement Agreement, including the attorneys' fees and expense award component, is fair and reasonable and that it satisfies the requirements of Cheeks.

## CONCLUSION

For the foregoing reasons, the Edelstein Defendants' cross-claim for indemnification is dismissed, and the amended settlement agreement is approved. The settling parties are directed to submit their Stipulation of Dismissal by April 16, 2018. The action, which will go forward as against the Edelstein Defendants, is referred to Magistrate Judge Pitman for general pre-trial management. Plaintiff and the Edelstein Defendants are directed to contact Judge Pitman's chambers to schedule an initial pre-trial conference. This Memorandum Opinion and Order resolves docket entry nos. 62 and 91.

SO ORDERED.

Dated: New York, New York
March 15, 2018

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge