UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

LUIS GARCIA, on behalf of himself and other                Case No.: 16-cv-5542
similarly situated,                                                        (LTS)

                                        Plaintiffs,

                    -against-

CLOISTER APT CORP., SIREN MANAGEMENT
CORP., EDEL FAMILY MANAGEMENT CORP.
a/k/a EDEL FAMILY MGT. CORP., FLORENCE
EDELSTEIN, MICHAEL EDELSTEIN, CARINA
LECHTER, HOWARD LANDMAN, JEFFREY
HEIDINGS, ROSA REICHMAN, NIGEL
HENDRICKSON, GAIL GERZETIC, jointly and
severally,

                                        Defendants.
-------------------------------------------------------------------X


**EDELSTEIN DEFENDANTS' MOTION FOR LEAVE FOR INTERLOCUTORY APPEAL OF THE COURT'S MEMORANDUM AND OPINION ORDER DATED MARCH 15, 2018 PURSUANT TO 28 U.S.C. §1292(b) OR, IN THE ALTERNATIVE, TO CERTIFY THIS COURT'S MEMORANDUM AND OPINION ORDER DATED MARCH 15, 2018 AS A FINAL JUDGMENT PURSUANT TO FED. R. CIV. P. 54(b)**


FORCHELLI DEEGAN TERRANA LLP
*Attorneys for the Edelstein Defendants*
The Omni
333 Earle Ovington Blvd., Suite 1010
Uniondale, New York 11553

## <u>TABLE OF CONTENTS</u>

**TABLE OF CONTENTS** ........................................................................................................... i

**TABLE OF AUTHORITIES** .................................................................................................... ii

**PRELIMINARY STATEMENT** ............................................................................................. 1

**ARGUMENT** ............................................................................................................................ 3

   **I.**    **THE MARCH ORDER SHOULD BE CERTIFIED FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. §1292(b)** ............................................................................ 3

      *A.*   *The March Order Presents a Controlling Question of Law.* ........................................... 4

      *B.*   *There is Substantial Ground For Difference of Opinion On Contractual Indemnification for FLSA and NYLL Claims As Multiple Courts in this Southern and Eastern District of New York Have Ruled Differently.* ................................................................................................ 5

      *C.*   *Appellate Review of the Court's Ruling Would Materially Advance this Litigation.* ...... 8

   **II.**    **ALTERNATIVELY, THE MARCH ORDER SHOULD BE DEEMED A FINAL JUDGMENT UNDER FED. R. CIV. P. 54(b)** ........................................................................ 8

**CONCLUSION** ......................................................................................................................... 9

## TABLE OF AUTHORITIES

**Cases**

*Amaya v. Garden City Irr., Inc.*,
 2011 WL 564721 (E.D.N.Y. Feb. 15, 2011) ................................................................ 1, 6

*Bogosian v. All American Concessions*,
 2011 WL 4460362 (E.D.N.Y. Sept. 26, 2011) .......................................................... 1, 6, 7

*Corwin v. NYS Bike Share, LLC*,
 2017 WL 1318010 (S.D.N.Y. Apr. 7, 2017) ................................................................... 8

*Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP*,
 2012 WL 2952929 (S.D.N.Y. July 18, 2012) .................................................................. 5

*Goodman v. Port Auth. of N.Y. & New Jersey*,
 850 F. Supp. 2d 363 (S.D.N.Y. 2012) ..................................................................... 2, 6, 7

*Gustafson v. Bell Atlantic Corp.*,
 171 F. Supp. 2d 311 (S.D.N.Y. 2001) ......................................................................... 2, 7

*Henriquez-Disla v. Allstate Prop. & Cas. Ins. Co.*,
 2014 WL 3887750 (E.D. Pa. Aug. 7, 2014) ................................................................... 5

*Herman v. RSR Sec. Servs. Ltd.*,
 172 F.3d 132 (2d Cir. 1999) ................................................................................ 1, 6, 7

*In re Aggrenox Antitrust Litig.*,
 2018 WL 834228 (D. Conn. Feb. 12, 2018) ................................................................... 3

*In re City of New York*,
 607 F.3d 923 (2d Cir. 2010) ......................................................................................... 3

*In re FPSDA I, LLC*,
 2012 WL 6681794 (Bankr. E.D.N.Y. Dec. 21, 2012) .................................................. 1, 7

*In re WorldCom, Inc.*,
 2003 WL 21498904 (S.D.N.Y. June 30, 2003) ............................................................ 4, 5

*Katz v. Carte Blanche Corp.*,
 496 F.2d 747 (3d Cir. 1974) ........................................................................................ 4

*Klinghoffer v. S.N.C. Achille Lauro*,
 921 F.2d 21 (2d Cir.1990) ......................................................................................... 3, 5

*Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc.*,
 71 F. Supp. 2d 139 (E.D.N.Y. 1999) ............................................................................ 9

*Northwest Airlines, Inc. v. Transport Workers Union*,
    451 U.S. 77, 1010 S. Ct. 1571 (1981) ........................................................................ 6

*Paganas v. Total Maint. Sol., LLC*,
    2016 WL 7048034 (E.D.N.Y. Dec. 5, 2016) ......................................................... 2, 6, 7

*Prudential Ins. Co. of Am. v. BMC Indus., Inc.*,
    1987 WL 6410 (S.D.N.Y. Feb. 2, 1987) .................................................................... 4

*Transp. Workers Union of Am., Local 100, AFL-CIO v. New York City Transit Auth.*,
    358 F. Supp. 2d 347 (S.D.N.Y. 2005) ..................................................................... 3

*U.S. ex rel. Mikes v. Straus*,
    84 F. Supp. 2d 427 (S.D.N.Y. 1999) ....................................................................... 9

**Statutes**

28 U.S.C. §1292(b) .................................................................................................. 1, 3, 9

**Rules**

Fed. R. Civ. P. 54(b) ......................................................................................... 3, 8, 9, 10

## PRELIMINARY STATEMENT

Defendants, Edel Family Management Corp. a/k/a Edel Family Mgmt. Corp. ("EFM"), Florence Edelstein and Michael Edelstein (collectively, "Edelstein Defendants") submit this memorandum of law in support of their motion pursuant to 28 U.S.C. §1292(b) to certify this Court's Memorandum and Opinion Order dated March 15, 2018 ("March Order") [DE112] for interlocutory appeal. The March Order granted defendant's, Cloister Apartment Corp. ("Cloister") motion to dismiss the Edelstein Defendants' cross-claim for indemnification pursuant to the written property management agreement, approved the settlement agreement entered between plaintiff Luis Garcia ("Plaintiff") and Cloister and dismissed Cloister from this action with prejudice. [DE112].

The March Order should be certified for interlocutory appeal because whether a defendant may maintain a cross-claim for indemnification pursuant to a *written contract* for claims arising under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") was not decided by the Second Circuit's decision in *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132 (2d Cir. 1999), and there is a split between the District Courts in the Second Circuit as to whether the Second Circuit's decision in *Herman* applies to claims for contractual indemnification. *Compare Bogosian v. All American Concessions*, 2011 WL 4460362 (E.D.N.Y. Sept. 26, 2011) (permitting a claim for indemnification pursuant to a written contract for settlement of FLSA claims between a vendor and one of its sub-contractors); *Amaya v. Garden City Irr., Inc.*, 2011 WL 564721 at *4 (E.D.N.Y. Feb. 15, 2011) (permitting a claim for indemnification pursuant to a written agreement on an FLSA claim against a surety); *In re FPSDA I, LLC*, 2012 WL 6681794 at *9 (Bankr. E.D.N.Y. Dec. 21, 2012), *as corrected* (Dec. 26, 2012) (finding no court has expressly held that an employer could not receive

1

indemnification for FLSA and NYLL claims from a third-party); *Paganas v. Total Maint. Sol., LLC*, 2016 WL 7048034 at *14 (E.D.N.Y. Dec. 5, 2016) (court denied a motion to dismiss a claim for contractual indemnification under the FLSA and NYLL); *Gustafson v. Bell Atlantic Corp.*, 171 F. Supp. 2d 311, 328 (S.D.N.Y. 2001) (dismissing claim for contractual indemnification against Plaintiff's solely owned company); *Goodman v. Port Auth. of N.Y. & New Jersey*, 850 F. Supp. 2d 363, 389 (S.D.N.Y. 2012) (dismissing claim for contractual indemnification by Port Authority against one of its contractors for an overtime claim).  With this issue unsettled between the District Courts, an interlocutory appeal to the Second Circuit is appropriate and the Edelstein Defendants respectfully request that this Court grant its motion and certify the March Order for interlocutory appeal.

This request to certify the March Order for interlocutory appeal is particularly pressing due to the fact that Cloister, the party against whom the Edelstein Defendants filed the indemnification claim, settled Plaintiff's claims and has been dismissed from the action. Accordingly, in the event the March Order is not certified for interlocutory appeal, and an appeal is taken after final judgment and the March Order is reversed, discovery efforts, dispositive motion practice and possibly a trial, would have to be duplicated because Cloister would not have participated in these proceedings, further delaying a total resolution of this action.

Because the Court's March Order presents a controlling question of law about which there is substantial ground for disagreements, and the answer to this question would advance this litigation, the Edelstein Defendants respectfully requests that this Court certify the following question for review by the Second Circuit:

> Whether under the Second Circuit's decision in *Herman v. RSR Sec. Serv. Ltd.,* a property management company may maintain a claim for indemnification under a written property management agreement with a condominium association, for

claims against both entities for unpaid wages under the Fair Labor Standards Act and New York Labor Law.

Alternatively, in the event that this Court declines to certify the March Order for interlocutory appeal, the Edelstein Defendants respectfully request that the March Order be declared a final judgment under Fed. R. Civ. P. 54(b) because the Cloister Defendants have been dismissed from this case.

## ARGUMENT

### I.   THE MARCH ORDER SHOULD BE CERTIFIED FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. §1292(b)

An order should be certified for interlocutory appeal under 28 U.S.C. §1292(b) when the order: "[1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Transp. Workers Union of Am., Local 100, AFL-CIO v. New York City Transit Auth.*, 358 F. Supp. 2d 347, 350 (S.D.N.Y. 2005); 28 U.S.C. §1292(b). Whether to certify an order for interlocutory appeal "is entirely a matter of discretion for the District Court." *In re City of New York*, 607 F.3d 923, 933 (2d Cir. 2010). District Courts have found that where "[a]n interlocutory appeal would be in the interests of all parties, and would ensure judicial economy" certification is appropriate. *Id.* at 351; *see also In re Aggrenox Antitrust Litig.*, 2018 WL 834228, at *8 (D. Conn. Feb. 12, 2018), *citing Klinghoffer v. S.N.C. Achille Lauro,* 921 F.2d 21, 24 (2d Cir.1990) ("Interlocutory appeals are intended for 'issues ... of first impression' and 'close call[s].'")  Here, due to the fact that Cloister has settled its claims with Plaintiff and is no longer a party to this action, and due to the fact that no discovery has been taken, a final judgment is unlikely to be decided for another one to three years and given the deep divide between the District Courts on the issue of whether a defendant

may maintain a cross-claim for indemnification pursuant to a written agreement, certifying the March Order for interlocutory appeal is in the best interest of all parties and would ensure judicial economy.

   A.  *The March Order Presents a Controlling Question of Law.*

   The first criteria to consider whether an order should be certified for interlocutory appeal is whether the order presents a controlling question of law. A controlling question of law is a "pure question of law that the reviewing court could decide quickly and cleanly without having to study the record." *In re WorldCom, Inc.,* 2003 WL 21498904, at *10 (S.D.N.Y. June 30, 2003). Here, the March Order involves a controlling question because the question presented on appeal: whether a claim for indemnification pursuant to a written contract between a property management company and a condominium association may be maintained for claims arising under the FLSA and NYLL, is a pure question of law.

   Additionally, an order to be certified on appeal has been found to involve a controlling question where the question presented on appeal is "one which would result in a reversal of a judgment after final hearing." *Prudential Ins. Co. of Am. v. BMC Indus., Inc.*, 1987 WL 6410, at *1 (S.D.N.Y. Feb. 2, 1987), *citing Katz v. Carte Blanche Corp.,* 496 F.2d 747, 755 (3d Cir. 1974). Here if the March Order is taken up on appeal, it may result in a reversal of the order dismissing Edelstein Defendants' cross-claim, which would result in a reversal of the Court's decision to dismiss the action against Cloister.

   The March Order also involves a controlling question because it effects the scope of discovery, and the parties to this litigation. As the March Order also confirmed the settlement between Plaintiff and Cloister, and dismissed Cloister from this action, Cloister will not be participating in discovery, dispositive motion practice or trial. In the event that an appeal of the

4

March Order is taken up at the conclusion of the litigation, and is reversed, then Cloister would be put back into the case, and a whole new set of discovery, dispositive motion practice, and possibly a trial may need to be undertaken, only further delaying these proceedings and wasting judicial resources. *See Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP*, 2012 WL 2952929, at *3 (S.D.N.Y. July 18, 2012) (remarking that "an interlocutory appeal is most appropriate where it will save the parties (and the court) from unnecessary, expensive, and protracted litigation."); *Henriquez-Disla v. Allstate Prop. & Cas. Ins. Co.*, 2014 WL 3887750, at *5 (E.D. Pa. Aug. 7, 2014) (noting that when reviewing whether an order presents a controlling question of law "[s]aving judicial time and the resources of the litigants have been recognized as relevant factors in the analysis.")

Further, the Second Circuit in *Klinghoffer* remarked that the "impact that an appeal will have on other cases is a factor" that may be considered to determine when determining whether the question presented by the requested certification involves a controlling question of law. *Klinghoffer,* 921 F.2d at 24. Here, given that this would be a case of first impression at the Second Circuit, which has not made a determination as to whether a party may maintain a claim for indemnification pursuant to a written contract for claims under the FLSA and NYLL, and given the deep divide between the District Courts, the appeal will have a significant impact and precedential value in this Circuit.

### B. *There is Substantial Ground For Difference of Opinion On Contractual Indemnification for FLSA and NYLL Claims As Multiple Courts in this Southern and Eastern District of New York Have Ruled Differently.*

The second factor to be considered by this Court is whether there is a substantial ground for a difference of opinion. This prong is satisfied when there is "genuine doubt as to the correct applicable legal standard." *In re WorldCom,* 2003 WL 21498904 at *10.  Here, the split between

the District Courts demonstrates that there is substantial doubt as to the applicable legal standard. *See, e.g., Bogosian*, 2011 WL 4460362 (permitting a claim for indemnification pursuant to a written contract for settlement of FLSA claims between a vendor and one of its sub-contractors); *Amaya*, 2011 WL 564721, at *4 (permitting a claim for indemnification pursuant to a written agreement on an FLSA claim against a surety); *In re FPSDA I, LLC*, 2012 WL 6681794, at *9 (finding no court has expressly held that an employer could not receive indemnification for FLSA and NYLL claims from a third-party); *Paganas*, 2016 WL 7048034, at *14 (court denied a motion to dismiss a claim for contractual indemnification under the FLSA and NYLL); *Gustafson*, 171 F. Supp. 2d at 328 (dismissing claim for contractual indemnification against Plaintiff's solely owned company); *Goodman*, 850 F. Supp. 2d at 389 (dismissing claim for contractual indemnification by Port Authority against one of its contractors for an overtime claim).

Driving this divide is the fact that the Second Circuit's decision in *Herman* is limited to whether the FLSA would permit an employer to maintain a claim for contribution or indemnification under the FLSA or as a matter of common law, in the absence of there being any written contractual agreements between the parties. In *Herman*, the Second Circuit relied on the Supreme Court's decision in *Northwest Airlines, Inc. v. Transport Workers Union*, 451 U.S. 77, 1010 S. Ct. 1571 (1981), in which the Supreme Court held that "neither the Equal Pay Act nor Title VII by its express terms created a right of contribution in favor of employers." *Herman*, 172 F. 3d at 143. Drawing on the statutory analysis conducted in *Northwest*, the Second Circuit held that the FLSA does not provide for a claim for contribution and indemnification because:

1. "The text of the FLSA makes no provision for contribution or indemnification." *Id.* at 144.

2. "[T]he statute was designed to regulate the conduct of employers for the benefit of employees, and it cannot therefore be said that employers are members of the class for whose benefit the FLSA was enacted." *Id.*

3. "[T]he FLSA has a comprehensive remedial scheme as shown by the 'express provision for private enforcement in certain carefully defined circumstances.'" *Id.*

4. "[T]he Act's legislative history is silent on a right to contribution or indemnification." *Id.*

The Second Circuit was silent in *Herman* as to whether a similar claim for indemnification or contribution could be sustained pursuant to the terms of a written contract. The decisions as to whether a defendant in an FLSA action may maintain a cross-claim against a co-defendant for indemnification pursuant to a written contract are split between the District Courts in the Circuit. *See, e.g., Bogosian*, 2011 WL 4460362 (permitting a claim for indemnification pursuant to a written contract for settlement of FLSA claims between a vendor and one of its sub-contractors); *Amaya*, 2011 WL 564721, at *4 (permitting a claim for indemnification pursuant to a written agreement on an FLSA claim against a surety); *In re FPSDA I, LLC*, 2012 WL 6681794 at *9 (finding no court has expressly held that an employer could not receive indemnification for FLSA and NYLL claims from a third-party); *Paganas*, 2016 WL 7048034, at *14 (court denied a motion to dismiss a claim for contractual indemnification under the FLSA and NYLL); *Gustafson*, 171 F. Supp. 2d at 328 (dismissing claim for contractual indemnification against Plaintiff's solely owned company); *Goodman*, 850 F. Supp. 2d at 389 (dismissing claim for contractual indemnification by Port Authority against one of its contractors for an overtime claim).

Because the question of whether a defendant in an FLSA action may maintain a cross-claim for indemnification pursuant to a written contract is undecided by the Second Circuit and given the deep divide between the Eastern and Southern Districts of New York on this issue, the

March Order should be certified for interlocutory appeal because substantial grounds exist for a difference of opinion.

> C. *Appellate Review of the Court's Ruling Would Materially Advance this Litigation.*

The third and final prong of the analysis requires a review of whether appellate review would materially advance the litigation. This prong asks whether the "appeal promises to advance the time for trial or to shorten the time required for trial." *Corwin v. NYS Bike Share, LLC*, 2017 WL 1318010, at *8 (S.D.N.Y. Apr. 7, 2017). Here, as discussed in Point I(A), *supra*, in the event the Edelstein Defendants are unable to appeal the March Order until the conclusion of this litigation, and they were to succeed on their appeal, they would be proceeding against a party who took no part in the discovery, dispositive motion practice or possibly a trial. As a result, discovery, dispositive motion practice and possibly a trial may be required to be duplicated, exponentially protracting the time and expense of this litigation. Accordingly, certifying the March Order would materially advance the litigation.

## II.   ALTERNATIVELY, THE MARCH ORDER SHOULD BE DEEMED A FINAL JUDGMENT UNDER FED. R. CIV. P. 54(b)

Even if this Court declines to certify the March Order for interlocutory appeal, the Edelstein Defendants, in the alternative, requests that this Court deem the March Order a final order under Fed. R. Civ. P. 54(b). Fed. R. Civ. P. 54(b) provides:

> (b) Judgment on Multiple Claims or Involving Multiple Parties. **When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay**. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment

adjudicating all the claims and all the parties' rights and liabilities. (emphasis added).

"Rule 54(b), by contrast, empowers a district court to enter final judgment on one or more but less than all claims in a suit, or as to one or more but less than all the parties in the action." *U.S. ex rel. Mikes v. Straus*, 84 F. Supp. 2d 427, 441 (S.D.N.Y. 1999). Under Fed. R. Civ. P. 54(b) for a claim to be deemed a final judgment "[t]he order must be a true final judgment, and it must involve a claim separate and distinct from the claims remaining before the district court." *Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc.*, 71 F. Supp. 2d 139, 165–66 (E.D.N.Y. 1999).

Here, the March Order is a final judgment with respect to the Edelstein Defendants' cross-claim against Cloister because this claim terminated all proceedings between the Edelstein Defendants and Cloister, and the claim pertains to a contract, which is separate and distinct from Plaintiff's claims for unpaid wages under the FLSA and NYLL. Further, the Court ordered the case against Cloister settled and dismissed the claims against Cloister, thus ending the case against Cloister in total. Additionally, there is no need to delay an appeal of the March Order because any delay in reviewing this Court's dismissal of the Edelstein Defendants' cross-claim may only result in protracted and costly litigation, as discussed in Point I(A) and (C), *supra*. Accordingly, in the event this Court declines to certify the March Order for interlocutory appeal, the Edelstein Defendants respectfully request that this Court certify the March Order as a final judgment under Fed. R. Civ. P. 54(b).

## **CONCLUSION**

The Edelstein Defendants respectfully requests that this Court grant its motion and certify the March Order for interlocutory appeal pursuant to 28 U.S.C. §1292. The March Order presents a controlling question of law, for which there is a deep divide between the District

Courts in the Second Circuit regarding the applicable legal standard, and the appeal would advance this litigation. Alternatively, the Edelstein Defendants respectfully request that the March Order be deemed a final judgment under Fed. R. Civ. P. 54(b) because it fully and completely resolves the issues between the Edelstein Defendants and Cloister and removes Cloister from this action.

Dated: April 16, 2018
       Uniondale, New York

                     Respectfully submitted,

                     FORCHELLI DEEGAN TERRANA LLP

                     */s/ Gregory S. Lisi*
                     Gregory S. Lisi, Esq.
                     Lisa M. Casa
                     *Attorneys for Edelstein Defendants*
                     The OMNI
                     333 Earle Ovington Blvd., Suite 1010
                     Uniondale, New York 11553
                     Telephone: (516) 248-1700