**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____X
                                       :
**LUIS GARCIA, ON BEHALF OF HIMSELF AND**    :       **16-CV-05542 (LTS)**
**OTHERS SIMILARLY SITUATED,**               :
                                       :
                        **PLAINTIFF,**       :
                                       :
        **VS**                               :
                                       :
**CLOISTER APT CORP., SIREN MANAGEMENT**     :
**CORP., EDEL FAMILY MANAGEMENT CORP.**      :
**a/k/a EDEL FAMILY MGT. CORP., FLORENCE**   :
**EDELSTEIN, MICHAEL EDELSTEIN, CARINA**     :
**LECHTER, HOWARD LANDMAN, JEFFREY**         :
**HEIDINGS, ROSA REICHMAN, NIGEL**           :
**HENDRICKSON, GAIL GERZETIC, jointly and**  :
**severally,**                               :
                        **DEFENDANTS.**      :
_____X

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO EDELSTEIN DEFENDANTS' MOTION FOR LEAVE TO TAKE AN INTERLOCUTORY APPEAL OR ENTRY OF FINAL JUDGMENT

Plaintiff Luis Garcia ("Plaintiff") submits this memorandum of law in opposition to the motion of Edel Family Management Corp. ("EFM") and Michael & Florence Edelstein (collectively, the "Edelstein Defendants") for 1) leave to take an interlocutory appeal of this Court's order dated March 15, 2018 (Dkt. # 112) which dismissed the cross claim for contractual indemnification filed by the Edelstein Defendants against Cloister as a matter of law, or, 2) in the alternative, to treat such order as a final judgment pursuant to FRCP 54 (b).

By this opposition Plaintiff joins in the opposition submitted by Cloister Defendants in opposition to the Motion of the Edelstein Defendants. That is, Plaintiff incorporates the Cloister Defendants' arguments that the Edelstein Defendants have not satisfied the standard for either interlocutory appeal or appeal of a final judgment.

1

Further, Plaintiff argues that the Edelstein Defendants' motion should be denied as it is not in the interest of all Parties. Specifically it is not in Plaintiff's interest, as it would needlessly result in undue delay to the prosecution of Plaintiff's ultimate claims.

## POINT I

### THE ORDER SHOULD NOT BE CERTIFIED
### FOR INTERLOCUTORY APPEAL NOR AS AN APPEAL OF A FINAL JUDGMENT

Plaintiff hereby joins in the opposition presented by the Cloister Defendants that neither the requirements of 28 USC§1292(b) nor 54(b) have been met. With respect to 28 USC§1292(b) the question of the indemnification is not controlling, nor is there substantial ground for difference of opinion. See Dkt. #125.  Further, the law is clear that the FLSA does not provide for indemnification nor contribution, as discussed in this Court's order granting dismissal.  See Dkt. 112, page 4, citing  *Herman v. RSR Sec. Servs.,* 172 F.3d 132, 143-144 (2d Cir. 1999). Further, an immediate appeal from this Court's order would not "materially advance the ultimate termination of the litigation." *Transp. Workers Union of Am., Local 100, AFL-CIO v. New York City Transit Auth.,* 358 F. Supp. 2d 347, 350 (S.D.N.Y. 2005). Indeed, a grant of interlocutory appeal would further delay litigation of the merits of Plaintiff's FLSA claim by reviving a conflict between defendants on a question of law that is already clearly decided in this Circuit.

With respect to the Edelstein Defendants' argument in the alternative regarding appeal of a final order pursuant to Rule 54(b), Plaintiff concurs with the Cloister Defendants that the intertwined nature of the claims precludes entry of a final judgment.

## POINT II

**AN INTERLOCUTORY APPEAL WOULD NOT BE IN PLAINTIFF'S INTEREST AND THIS COURT SHOULD EXERCISE ITS DISCRETION TO DENY THE APPEAL**

Whether to certify an order for interlocutory appeal "is entirely a matter of discretion for the District Court." *In re City of New York*, 607 F.3d 923, 933 (2d Cir. 2010). Further, District Courts have found that where "[a]n interlocutory appeal would be in the interests of all parties, and would ensure judicial economy" certification is appropriate. *Id*. at 351; *see also In re Aggrenox Antitrust Litig*., 2018 WL 834228, at *8 (D. Conn. Feb. 12, 2018), *citing Klinghoffer v. S.N.C. Achille Lauro,* 921 F.2d 21, 24 (2d Cir.1990).

Here the grant of an interlocutory appeal for certification to the Second Circuit to ostensibly distinguish *Herman v. RSR Sec. Servs., supra,* would greatly prejudice Plaintiff by delaying the prosecution of his claims and stymie the ultimate litigation on the merits for a period of several years. Plaintiff is a worker who was entirely deprived of wages after working long hours for years on end. In 2016 he turned to the court for relief. Nearly two years later, he has not made much advance toward reaching the ultimate merits of his claims against the Edelstein Defendants.  On the cusp of moving this case forward, the Edelstein Defendants again seek to introduce further delay. As the grant of an interlocutory appeal is not in the interest of Plaintiff's expeditious prosecution of his claims, undersigned counsel respectfully requests that this court exercise its discretion to deny the Edelstein Defendants' motion.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the Edelstein defendants' motion in its entirety.

Dated:New York, New York

May 14, 2018

Respectfully submitted,

MIRER MAZZOCCHI JULIEN & CHICKEDANTZ,
PLLC

By:/s/_____
Ria Julien
150 Broadway, Suite 1200
New York, NY 10038
(212) 231-2235
rjulien@mmsjlaw.com
*Attorneys for Plaintiffs*