UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

LUIS GARCIA, on behalf of himself and others similarly situated,

        Plaintiff,

  -v-                                              No.  16 CV 5542-LTS-HBP

EDEL FAMILY MANAGEMENT CORP. et al.,

        Defendants.

-------------------------------------------------------x

## MEMORANDUM ORDER

Before the Court is a motion by Defendants Edel Family Management Corp. ("EFM"), Florence Edelstein, and Michael Edelstein (collectively, the "Edelstein Defendants") for certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) of the Court's March 15, 2018, Memorandum Opinion and Order (docket entry no. 112, the "March Opinion") dismissing the Edelstein Defendants' cross-claim for indemnification against Defendant Cloister Apt. Corp. ("Cloister").  (Docket entry no. 115.)  In the alternative, the Edelstein Defendants seek certification of the March Opinion as a final judgment pursuant to Federal Rule of Civil Procedure 54(b).  The Court has considered carefully all of the parties' submissions and, for the reasons that follow, the Edelstein Defendants' motion is denied.

## DISCUSSION

The factual allegations underlying this case are set forth in the March Opinion, familiarity with which is presumed.

The Edelstein Defendants' Motion for Certification of an Interlocutory Appeal

28 U.S.C. § 1292(b) provides that a district court may certify an interlocutory order for appeal if the district court determines that the order (1) involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) that an immediate appeal from the order may materially advance the ultimate termination of the litigation.  28 U.S.C.S. § 1292(b) (LexisNexis 2017).  Interlocutory appeals pursuant to section 1292(b) are "an exception to the general policy against piecemeal appellate review embodied in the final judgment rule, and only exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment."  Martens v. Smith Barney, Inc., 238 F. Supp. 2d 596, 599 (S.D.N.Y. 2002) (internal quotations omitted).  Disagreement as to the interpretation of persuasive authority, or a claim that the district court's decision is incorrect, is generally insufficient to establish a substantial ground for a difference of opinion.  Aspen Ford, Inc. v. Ford Motor Co., 2008 WL 163695, at *2 (E.D.N.Y. Jan. 15, 2008).  The district court has discretion in determining whether the requirements of section 1292(b) have been met.  Martens, 238 F. Supp. 2d at 599.

The Edelstein Defendants seek to certify the following question for review by the Second Circuit: "[w]hether under the Second Circuit's decision in Herman v. RSR Sec. Serv. Ltd., [172 F.3d 132 (2d Cir. 1999)] a property management company may maintain a claim for indemnification under a written property management agreement with a condominium association, for claims against both entities for unpaid wages under the Fair Labor Standards Act [("FLSA")] and New York Labor Law [("NYLL")]."  (See docket entry no. 117 at 2-3.)  The Edelstein Defendants have failed to demonstrate that this issue meets the strict standard for certification.  Although the March Opinion dismissed the Edelstein Defendants' cross-claim for

indemnification as a matter of law, the question presented for certification is not controlling. Reversal of the March Opinion on this question will not result in dismissal of Plaintiff's underlying FLSA action or significantly affect the posture of Plaintiff's case against the Edelstein Defendants, which was not at issue in the March Opinion.  Moreover, the Edelstein Defendants have not demonstrated that a substantial ground for difference of opinion exists as to the Court's interpretation and application of Herman v. RSR Sec. Serv. Ltd., 172 F.3d 132 (2d Cir. 1999).  As the Court noted in the March Opinion, there are some courts in this circuit that have enforced contractual indemnification claims against employers who are liable under FLSA, but these cases do not discuss Herman at all.  (March Opinion at 5 n.1.)  In contrast, courts that have considered Herman in the contractual indemnification context draw no distinction between common law claims for indemnification and claims based on written contracts.  See, e.g., Gustafson v. Bell Atlantic Corp., 171 F. Supp. 2d 311, 328 (S.D.N.Y. 2001).  The Edelstein Defendants' attempt to divide these cases into contrary interpretations of Herman is thus unavailing and, to the extent that they dispute the applicability of Herman to the instant case, they have not pointed to any authority to suggest that there is a difference of opinion in this circuit on that question.  See In re Flor, 79 F.3d 281, 284 (2d Cir. 1996) ("[T]he mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion.").  Certification of an immediate appeal would only delay this litigation, which can proceed on Plaintiff's underlying FLSA and NYLL claims without Cloister's involvement because Plaintiff has settled and dismissed his claims against Cloister (see docket entry no. 114).  An efficient resolution of this litigation would not be served by authorizing an interlocutory appeal.

The Edelstein Defendants' Motion for Certification of a Final Judgment

The Edelstein Defendants move in the alternative to certify the March Opinion as a final judgment pursuant to Federal Rule of Civil Procedure 54(b).  Federal Rule of Civil Procedure 54(b) provides, in pertinent part, that "[w]hen an action presents more than one claim for relief . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."  The decision to direct entry of judgment under Rule 54(b) "is left to the sound judicial discretion of the district court and is to be exercised in the interest of sound judicial administration."  Ginett v. Computer Task Group, Inc., 962 F.2d 1085, 1092 (2d Cir. 1992) (internal quotations and citations omitted).  The decision whether to direct the entry of a partial final judgment in advance of the final adjudication of all of the claims in a suit must be made in light of the goal of judicial economy as served by the "'historic federal policy against piecemeal appeals.'"  Curtiss–Wright Corp. v. General Elec. Co., 446 U.S. 1, 8 (1980) (quoting Sears, Roebuck & Co v. Mackey, 351 U.S. 427, 438 (1956)).  A court should use its discretion to enter a Rule 54(b) final judgment "only in the infrequent harsh case . . . where there exists some danger or hardship or injustice through delay which would be alleviated by immediate appeal."  Citizens Accord, Inc. v. Town of Rochester, N.Y., 235 F.3d 126, 129 (2d Cir. 2000) (internal quotations and citations omitted).

The circumstances of this case do not warrant Rule 54(b) certification.  The Edelstein Defendants' dismissed indemnification cross-claim for against Cloister is, in part, dependent upon the outcome of Plaintiff's underlying FLSA case against the Edelstein Defendants, and the Edelstein Defendants have not specifically identified any danger of hardship or injustice to them that would be alleviated by immediate appeal.  Although resolution of

indemnification issues could give Plaintiff a better understanding of assets available for settlement, Plaintiff has not asserted any prejudice to himself and he in fact opposes the Edelstein Defendants' request (see docket entry no. 127).

Accordingly, the Edelstein Defendants' motion for certification of an interlocutory appeal and entry of a final judgment is denied. This Memorandum Order resolves docket entry no. 115. This case remains referred to Magistrate Judge Pitman for general pretrial management.

SO ORDERED.

Dated: New York, New York
June 18, 2018

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge