UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LUIS GARCIA, on behalf of himself and other similarly situated,

                        Plaintiffs,

        -against-

CLOISTER APT CORP., SIREN MANAGEMENT CORP., EDEL FAMILY MANAGEMENT CORP. a/k/a EDEL FAMILY MGT. CORP., FLORENCE EDELSTEIN, MICHAEL EDELSTEIN, CARINA LECHTER, HOWARD LANDMAN, JEFFREY HEIDINGS, ROSA REICHMAN, NIGEL HENDRICKSON, GAIL GERZETIC, jointly and severally,

                        Defendants.
-----------------------------------------------------------------X

Case No.: 16-cv-5542 (LTS)(HBP)

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND COURT-AUTHORIZED NOTICE PURSUANT TO 29 U.S.C. §216(b)**

Ria Julien
*Attorney for Plaintiff*
MIRER MAZZOCCHI & JULIEN, PLLC
150 Broadway,
12th floor
New York, NY 10031
(212) 231-2235

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES............................................................................................i

PRELIMINARY STATEMENT....................................................................................1

STATEMENT OF FACTS.............................................................................................1

ARGUMENT...................................................................................................................5

I.  CONDITIONAL CERTIFICATION SHOULD BE GRANTED –
    PLAINTIFF HAS MET HIS BURDEN................................................................5

    A.  LEGAL STANDARD.....................................................................................5

    B.  PLAINTIFF HAS SUFFICIENTLY ESTABLISHED THAT
        MEMBERS OF THE PROPOSED CLASS WERE VICTIMS OF
        A COMMON POLICY OR PLAN THAT VIOLATED THE LAW...............7

NOTICE TO OPT-IN PLAINTIFFS..............................................................................8

DISCOVERY...................................................................................................................8

CONCLUSION................................................................................................................9

# TABLE OF AUTHORITIES
Page

Braunstein v. Eastern Photographic Labs, Inc., 600 F.2d 335 (2nd Cir. 1978)................6,8

Cuzco v. Orion Builders, Inc. 411 F.Supp.2d 628 (S.D.N.Y. 2007)................5,6

Fasanelli v. Heartland Brewery, Inc., 516 F.Supp.2d 317 (S.D.N.Y. 2007).................7

Gjurovich v. Emmanuel's Marketplace, Inc., 282 F.Supp.2d 101 (S.D.N.Y. 2003)................6

Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165 S. Ct. 482
   107 L. Ed. 2d 480 (1989)................6,8,9

Hoffmann v. Sbarro, Inc., 982 F. Supp. 249 (S.D.N.Y. 1997)................5

Iglesias-Mendoza v. La Belle Farm, Inc., 239 F.R.D. 363 (S.D.N.Y. 2007)................6

Myers v. Hertz Corp., 624 F.3d 537 (2d Cir. 2010)................5

Patton v. The Thomson Corp., 364 F. Supp.2d 263 (E.D.N.Y. 2005)................8,9

Realite v. Ark Rest. Corp., 7 F. Supp. 2d 303 (S.D.N.Y. 1998)................8,9

Scholtisek v. Eldre Corp., 229 F.R.D. 381 (W.D.N.Y. 2005)................5,6

Young v. Cooper Cameron Corp., 229 F.R.D. 50 (S.D.N.Y. 2005)................7

**LEXIS**

Lewis v. National Financial Sys. Inc., 2007 U.S. Dist. LEXIS 62320 (E.D.N.Y. 2007)............6

Masson v. Ecolab, Inc. 2005 U.S. Dist. LEXIS 18022 (S.D.N.Y. 2010)................5

**RULES**

29 U.S.C. §216(b)................1,5,6,8,9

29 U.S.C. §255................6

29 U.S.C. §256(b)................6

## PRELIMINARY STATEMENT

Plaintiff LUIS GARCIA on behalf of himself and others similarly situated, moves this Honorable Court to conditionally certify a representative class in the above-captioned case and permit court-supervised notification pursuant to 29 U.S.C. §216(b) to the following individuals:

> All current and former building service workers, maintenance workers and porters (hereafter collectively "building maintenance workers") employed by the Edel Family Management Corp., Michael Edelstein, and/or Florence Edelstein (hereafter the "Edelstein Defendants") at any time from July 11, 2013 to the present.

The grounds upon which this motion is based, and the substantial matters of law supporting those grounds, are described with specificity in the following memorandum of law. By this motion, Plaintiff seek the following:

a. Grant conditional certification of this action as a representative collective action pursuant to 29 U.S.C. §216(b); and
b. Approve the Notice of Collective Action and Consent Forms attached to the Affirmation of Ria Julien as Exhibits A & B respectively; and
c. Authorize and facilitate notice of this FLSA action to all potential opt-in Plaintiffs; and
d. Order the identification of the potential opt-in Plaintiffs containing their first names, last names, mailing addresses, telephone numbers, Social Security numbers, email addresses and dates of employment; and
e. Order defendants to post the Notice, along with the consent forms, in a location accessible and visible to potential opt-in Plaintiffs still in the employ of the defendants.
f. Issue an order Equitably Tolling the time for the filing of claims back to December 8, 2016. This is the date the Edelstein defendants sought to object to Plaintiff's settlement with the Cloister defendants, as their objections delayed the processing of this case, for almost two years a delay over which Plaintiff had not control.

## STATEMENT OF FACTS

Defendants Florence Edelstein, Michael Edelstein and Edel Family Management Corp. own and/or manager multiple buildings across New York City. Plaintiff has worked as building service worker, general laborer, maintenance worker and porter (hereafter collective "building maintenance worker") at Defendants' buildings from 1999 until on or about February 28, 2016.

1

Plaintiff primarily performed work at 1793 Riverside Drive. Additionally, Plaintiff was directed to perform work at the following Edelstein owned buildings (hereafter the "Edelstein Buildings"). (Garcia Aff ¶¶ 2, and 11)

1) 1793 Riverside Drive, NY, NY
2) 119 Audubon Avenue, NY, NY
3) 217 Audubon Avenue, NY, NY
4) 127 Audubon Avenue, NY, NY
5) 183 Audubon Avenue, NY, NY
6) 500 Audubon Avenue, NY, NY
7) 530 Audubon Avenue, NY, NY
8) 174 Audubon Avenue, NY, NY
9) 219 Audubon Avenue, NY, NY
10) 227 Audubon Avenue, NY, NY
11) 179 Bennett Avenue, NY, NY
12) 209 Bennett Avenue, NY, NY
13) 225 Bennett Avenue, NY, NY
14) 34 Bogardus Place, NY, NY
15) 5000 Broadway, NY, NY
16) 10 Cooper Street, NY, NY
17) 25 Cooper Street, NY, NY
18) 124 Fort George Avenue, NY, NY
19) 97 Fort Washington Avenue, NY, NY

20) 128 Fort Washington Avenue, NY, NY

21) 427 Fort Washington Avenue, NY, NY

22) 10 Hillside Avenue, NY, NY

23) 1781 Riverside Drive, NY, NY

24) 1793 Riverside Drive, NY, NY

25) 40 Thayer Street, NY, NY

26) 60 Thayer Street, NY, NY

27) 162 West 54th Street, NY, NY

28) 145 West 71st Street, NY, NY

29) 133 West 71st Street, NY, NY

30) 307 West 79th Street, NY, NY

31) 701 West 79th Street, NY, NY

32) 508 West 166th Street, NY, NY

33) 708 West 167th Street, NY, NY

34) 550 West 171st or 172st Street, NY, NY

35) 621 West 172nd Street, NY, NY

36) 610 West 173rd Street, NY, NY

37) 701 West 176th Street, NY, NY

38) 801 West 181st Street, NY, NY

39) 812 West 181st Street, NY, NY

40) 815 West 181st Street, NY, NY

41) 860 West 181st Street, NY, NY

42) 867 West 181st Street, NY, NY -

43) 708 West 192nd Street, NY, NY

44) 6555 Broadway, Bronx, NY

45) 1675 Grand Concourse, Bronx, NY

46) 3975 Sedgwick Avenue, Bronx, NY

47) 95 West 195th Street, Bronx, NY

Plaintiff received these assignments from Ronald Edelstein and Michael Edelstein and others. (Garcia Aff. ¶¶ 12-14) Plaintiff estimates that there are 15 maintenance workers who serviced these buildings although knows the names of seven of them. (Garcia Aff. ¶ 20).

Plaintiff was regularly scheduled for nine hours per day, six days per week. Thus Plaintiff at all times worked approximately fifty four (54) hours per week. Plaintiff never received breaks during his long shifts. Plaintiff was paid a day rate of 60 dollars per day and paid in cash weekly by Michael Edelstein.  Defendants never provided a statement with Plaintiff's wages indicating deductions, taxes, rate of pay or hours worked. (Garcia Aff. ¶¶ 6-7).

Defendants paid Plaintiff an hourly rate that fell below the minimum wage required by the FLSA. (Garcia Aff. ¶ 9).

Defendants at all times relevant failed to pay Plaintiff overtime as required by the FLSA. (Garcia Aff. ¶ 8).

Plaintiff is aware of other persons employed by the Edelstein Defendants who were also subject to the same pay practices as was he. (Garcia Aff ¶¶ 24-28)

The evidence illustrates that the Edelstein Defendants had a policy and practice of not paying employees minimum wage and overtime when employees worked more than forty (40) hours per week, and of falsifying pay records.

4

## ARGUMENT

## I. CONDITIONAL CERTIFICATION SHOULD BE GRANTED – PLAINTIFF HAS MET HIS BURDEN

A. *Legal Standard*

The standard for certifying a collective action under the FLSA is quite lenient. The showing a Plaintiff must make at the initial stage is deliberately set low in order to protect class members' rights and ensure judicial efficiency.

The FLSA process gives Plaintiffs the right to bring the action not only to recover his own damages, but also to allow other employees who have been subjected to the same illegal policies to opt into the action. 29 U.S.C. §216(b). Unlike a class action, in a collective action participation is optional for affected individuals who can join by signing and mailing a form showing their desire to participate. *See, e.g.,* Masson v. Ecolab, Inc., 2005 U.S. Dist. LEXIS 18022 (S.D.N.Y. Aug. 17, 2005).

The requirements of a Rule 23 action do not apply to collective actions. *Id.* Rather, the Plaintiff must simply make a "modest factual showing" that they and potential opt-in Plaintiffs "together were victims of a common policy or plan that violated the law" and that the class which they seek to certify is "similarly situated" to the individual bringing the representative claim. Myers v. Hertz Corp., 624 F.3d 537, 555 (2d Cir. 2010) (quoting Hoffmann v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997)). Prior to discovery, the "Court first determines whether class members are similarly situated based on pleadings and affidavits." Scholtisek v. Eldre Corp., 229 F.R.D. 381, 387 (W.D.N.Y. 2005); Cuzco v. Orion Builders, Inc. 411 F.Supp.2d 628, 632 (S.D.N.Y. 2007). If the case is initially certified as a collective action, then the opt-in forms are disseminated and class members are given the opportunity to join the action. Scholtisek, 229 F.R.D. at 387.

It is intended that the initial certification of a collective action be an expedited process in order to protect these individuals since they must file the form in order to join the action. 29 U.S.C.A. § 216(b). Furthermore, the statute of limitations continues to run prior to their filing an opt-in form, making it essential that the process move as quickly as possible to ensure potential members' rights are protected. 29 U.S.C. §§255, 256(b). The standard established for conditional certification is therefore a lenient one. Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 170, 110 S. Ct. 482, 107 L.Ed.2d 480 (1989).

The FLSA does not define "similarly situated" for the purposes of conditional certification. Rather, when making a determination as to whether potential opt-in Plaintiffs are "similarly situated," the Court must keep in mind "the broad remedial purpose of the Act, which should be given a liberal construction, as well as with the interest of the courts in avoiding multiplicity of suits." Braunstein v. Eastern Photographic Labs, Inc., 600 F.2d 335, 336 (2nd Cir. 1978).

The burden for Plaintiffs to establish that they are "similarly situated" for the purposes of conditional certification is therefore intended to "minimal." Cuzco, 477 F.Supp.2d at 632-33; Gjurovich v. Emmanuel's Marketplace, Inc., 282 F.Supp.2d 101, 106 (S.D.N.Y. 2003); Iglesias-Mendoza v. La Belle Farm, Inc., 239 F.R.D. 363, 368 (S.D.N.Y. 2007). It is only required that Plaintiffs make "a modest factual showing sufficient to demonstrate that they and potential Plaintiffs together were victims of a common policy or plan that violated the law." Lewis v. National Financial Sys. Inc., 2007 U.S. Dist. LEXIS 62320 (E.D.N.Y. Aug. 23, 2007).

The court does not consider the underlying claims when making a determination for initial certification. The only consideration of the court is "whether the proposed Plaintiffs are similarly situated . . . with respect to their allegations that the law has been violated." Young v. Cooper Cameron Corp., 229 F.R.D. 50, 54 (S.D.N.Y. 2005).

Allegations contained in the Plaintiff's sworn affidavit is sufficient to establish that the putative class is similarly situated. The "initial class certification determination must be made on preliminary documents such as pleadings and affidavits, which necessarily contain unproven allegations." Fasanelli v. Heartland Brewery, Inc., 516 F. Supp.2d 317, 322 (S.D.N.Y. 2007).

### B. *Plaintiff Has Sufficiently Established that Members of the Proposed Class Were Victims of a Common Policy or Plan that Violated the Law*

Plaintiff's affidavit meets or exceeds the requirement that a "modest factual showing" be made that the proposed collective Plaintiffs are similarly situated. Plaintiff has made clear that he observed that all hourly employees were subject to the same policies, procedures and practices of defendants when he worked with them. (Garcia Aff. ¶¶ 18-21) Plaintiff, in his Affidavit, has stated that he was part of a workforce of more than fifteen hourly employees who worked in excess of forty hours per workweek. (Garcia Aff.¶¶ 21-22) Plaintiff has further stated that he and his co-workers worked well in excess of forty hours a week and that defendants paid Plaintiff in violation of the requirements of the FLSA. (Garcia Aff. ¶24). Plaintiff has also stated that they witnessed the employer paying all hourly employees in the same fashion they themselves were paid - weekly in cash. Plaintiff has met the burden of showing that he is similarly situated to his coworkers with regards to the operative issues of this claim arising under the FLSA; that hourly employees of Edelstein Defendants were subject to the same policies, procedures and practices of the employer insofar as they relate to the hours worked and compensation received by potential class members.

## II. NOTICE TO OPT-IN PLAINTIFFS

In order to achieve the "broad remedial purpose" of the FLSA, courts have discretion to authorize notice to potential opt-in Plaintiffs. <u>Braunstein v. Eastern Photographic Laboratories, Inc.</u>, 600 F.2d 335, 336 (2d Cir. 1979); *see also* <u>Hoffmann v. Sbarro, Inc.</u>, 982 F. Supp. 249, 262 (S.D.N.Y. 1997).

Attached as Exhibit A to the Affirmation of Ria Julien is the Plaintiff's proposed Notice to potential opt-in Plaintiffs. The proposed notice contains information explaining the nature of the action, the rights and protections afforded to opt-in Plaintiffs, including their right against retaliation by their employer. Plaintiff respectfully requests that this Court authorize notice to potential opt-in Plaintiffs. Also attached to the Affirmation of Ria Julien as Exhibit B is the Plaintiffs' proposed Consent Form required to be filed by each opt-in Plaintiff pursuant to 29 U.S.C. §216(b).

In order to accomplish notice of the collective action, courts considering collective actions under the FLSA routinely order initial disclosure of information necessary to provide potential opt-in Plaintiffs notice of the action. *See e.g.*, <u>Hoffmann-La Roche, Inc.</u>, 493 U.S. at 170; <u>Realite v. Ark Rest. Corp.</u>, 7 F. Supp. 2d 303, 309-10 (S.D.N.Y. 1998); <u>Patton v. The Thomson Corp.</u>, 364 F. Supp.2d 263, 266 (E.D.N.Y. 2005).

### III. DISCOVERY

In addition to Plaintiff's request for conditional certification and notice, Plaintiff respectfully requests that this Court order defendants to produce within fifteen days of this Court's order, a list of all hourly employees who have been employed by the defendants at the Edelstein Defendants at the Edelstein Buildings as building maintenance workers in a non-managerial position in the three years prior to the date of the entry of this Court's Order. This list should include the first name, last name, mailing address, any alternative addresses known by defendants, all telephone

8

numbers, Social Security numbers, any email addresses, and the dates of employment of each employee. See e.g., Hoffmann-La Roche, Inc., 493 U.S. at 170; Realite v. Ark Rest. Corp., 7 F. Supp. 2d 303, 309-10 (S.D.N.Y. 1998); Patton v. The Thomson Corp., 364 F. Supp.2d 263, 266 (E.D.N.Y. 2005) (citing Hoffman- La Roche, Inc., 493 U.S. at 169).

## **CONCLUSION**

For the reasons stated herein, Plaintiffs respectfully request as follows that this Court:

    g. Grant conditional certification of this action as a representative collective action pursuant to 29 U.S.C. §216(b); and

    h. Approve the Notice of Collective Action and Consent Forms attached to the Affirmation of Ria Julien as Exhibits A & B respectively; and

    i. Authorize and facilitate notice of this FLSA action to all potential opt-in Plaintiffs; and

    j. Order the identification of the potential opt-in Plaintiffs containing their first names, last names, mailing addresses, telephone numbers, Social Security numbers, email addresses and dates of employment; and

    k. Order defendants to post the Notice, along with the consent forms, in a location accessible and visible to potential opt-in Plaintiffs still in the employ of the defendants.

    l. Issue an order Equitably Tolling the time for the filing of claims back to December 8, 2016. This is the date the Edelstein defendants sought to object to Plaintiff's settlement with the Cloister defendants, as their objections delayed the processing of this case, for almost two years a delay over which Plaintiff had not control.

Dated: July 27, 2018
      New York, New York

Respectfully submitted,

/s/ Ria Julien

By: Ria Julien
*Attorney for Plaintiffs*
150 Broadway, Suite 1200
New York, NY 10038
rjulien@mmsjlaw.com