UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

LUIS GARCIA and HECTOR
FONTANILLAS,

                Plaintiffs,     16 Civ. 5542 (HBP)

  -against-                      OPINION
                                  AND ORDER
CLOISTER APT CORP., et al.

                Defendants.

-----------------------------------X

PITMAN, United States Magistrate Judge:

       I held a settlement conference in this matter on November 5, 2018. A settlement was reached at the conference, and this matter is now before me on the parties' joint application to approve their settlement (Letter of Ria Julien, Esq., and Lisa M. Casa, Esq., to the undersigned, dated Jan. 18, 2019 (Docket Item ("D.I.") 159) ("Joint Letter")). All parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

       Plaintiff Luis Garcia alleges that he performed repair and maintenance work at buildings owned by defendants from June 2010 until April 2016 (Complaint, dated July 11, 2016 (D.I. 1) ("Compl.") ¶¶ 47-48, 50). Plaintiff Hector Fontanillas opted into this action on October 4, 2018 (D.I. 141), alleging that he

performed repair and maintenance work for defendants from June 2013 until December 2015. Plaintiffs bring this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law ("NYLL"), claiming that defendants failed to pay them the required minimum wage and overtime premium pay and failed to provide them with wage notices and wage statements (Compl. ¶¶ 54-65). According to plaintiffs, defendants owe them approximately $46,000 in unpaid wages, $46,000 in liquidated damages and $20,000 in statutory damages for wage notice and wage statement violations.

. Defendants deny plaintiffs' claims and contend that plaintiff Hector Fontanillas never worked for defendants in the relevant time period. Defendants contend that although they possessed substantial records to verify plaintiff Luis Garcia's employment, a diligent search revealed no documentary proof of plaintiff Hector Fontanillas's employment.

As noted above, I held a settlement conference in this matter on November 5, 2018. The parties agreed to the material terms of a settlement and submitted their proposed settlement agreement for judicial approval on January 18, 2019 (Negotiated Settlement Agreement & Release, annexed to Joint Letter (D.I. 159-1) ("Settlement Agreement")). The Settlement Agreement provides that defendants will pay a total amount of $50,000.01 --

$33,333.34 to be paid to plaintiffs and $16,666.67 to be paid to plaintiffs' counsel for fees and costs (Settlement Agreement ¶¶ 3.1, 3.2). $29,333.34 of the net settlement amount will be paid to plaintiff Luis Garcia and $4,000 will be paid to plaintiff Hector Fontanillas (Settlement Agreement ¶ 3.1(B)).

>Court approval of an FLSA settlement is appropriate
>
>>"when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982)).

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.) (alterations in original). "Generally, there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (Gorenstein, M.J.) (internal quotation marks omitted). In Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), the Honorable Jesse M. Furman, United States District Judge, identified five factors that are relevant to an assessment of the fairness of an FLSA settlement:

>In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider

3

> the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

(internal quotation marks omitted). The settlement here satisfies these criteria.

First, plaintiffs' net settlement -- $33,333.34 after the deduction of attorneys' fees and costs -- represents more than 28% of their total alleged damages and more than 72% of their claimed unpaid wages. This percentage is reasonable, especially given plaintiffs' potential obstacles to recovery. See Gervacio v. ARJ Laundry Servs. Inc., 17 Civ. 9632 (AJN), 2019 WL 330631 at *1 (S.D.N.Y. Jan. 25, 2019) (Nathan, D.J.) (net settlement of 20% of FLSA plaintiff's maximum recovery is reasonable); Felix v. Breakroom Burgers & Tacos, 15 Civ. 3531 (PAE), 2016 WL 3791149 at *2 (S.D.N.Y. Mar. 8, 2016) (Engelmayer, D.J.) (net settlement of 25% of FLSA plaintiff's maximum recovery is reasonable); Beckert v. Ronirubinov, 15 Civ. 1951 (PAE), 2015 WL 8773460 at *2 (S.D.N.Y. Dec. 14, 2015) (Engelmayer, D.J.) (net settlement of 25% of FLSA plaintiff's maximum recovery is reasonable).

Second, the settlement will entirely avoid the expense and aggravation of litigation. Because the action settled prior to the completion of discovery, the parties will be able to avoid the ongoing expense of exchanging documents and taking depositions.

Third, the settlement will enable the parties to avoid the risk of litigation. As noted above, there is a significant dispute over when, or even if, plaintiff Hector Fontanillas worked for defendants. Given this factual dispute, both parties avoid the risk associated with its resolution through further litigation.

Fourth, because I presided over the settlement conference that immediately preceded plaintiffs' acceptance of the settlement, I know that the settlement is the product of arm's-length bargaining between experienced counsel.

Fifth, there are no factors here that suggest the existence of fraud. The material terms of the settlement were reached at the settlement conference.

The allocation of the net settlement between plaintiffs is also fair. According to the Agreement, plaintiff Luis Garcia will receive 36.98% of his amount claimed and plaintiff Hector Fontanillas will receive 10.55% of his amount claimed. I find this allocation to be fair, particularly in light of the signifi-

cant factual obstacles plaintiff Fontanillas would have to overcome simply to prove he was even employed by defendants within the relevant period.

Plaintiffs agree to a release of defendants limited to wage-and-hour claims (Settlement Agreement ¶ 1). I find this release permissible because it is narrowly tailored to wage-and-hour issues. See Redwood v. Cassway Contracting Corp., supra, 2017 WL 4764486 at *3 (release of defendants "from any and all wage and hour and/or notice claims" that could have been brought permissible "because it is limited to claims relating to wage and hour issues"); Yunda v. SAFI-G, Inc., 15 Civ. 8861 (HBP), 2017 WL 1608898 at *3 (S.D.N.Y. Apr. 28, 2017) (Pitman, M.J.) (release that is "limited to claims arising under the FLSA" permissible); see also Santos v. Yellowstone Props., Inc., 15 Civ. 3986 (PAE), 2016 WL 2757427 at *1, *3 (S.D.N.Y. May 10, 2016) (Engelmayer, D.J.); Hyun v. Ippudo USA Holdings, 14 Civ. 8706 (AJN), 2016 WL 1222347 at *3-*4 (S.D.N.Y. Mar. 24, 2016) (Nathan, D.J.).

The Settlement Agreement contains a provision that would prohibit plaintiffs from entering the residential premises at 1793 Riverside Drive, New York, New York and would prohibit plaintiff Hector Fontanillas from contacting an individual named Alexa Ruiz (Settlement Agreement ¶ 4). These prohibitions are problematic in the context of an FLSA settlement. Given the

6

unequal bargaining power that an employer enjoys, judges in this Circuit have been extremely sensitive to settlement provisions that provide benefits to employers that go beyond the release of wage and hour claims. See Thallapaka v. Sheridan Hotel Assocs. LLC, 15 Civ. 1321 (WHP), 2015 WL 5148867 at *1 (S.D.N.Y. Aug. 17, 2015) (Pauley, D.J.) ("An employer is not entitled to use an FLSA claim . . . to leverage a release from liability unconnected to the FLSA" (internal quotation marks and citations omitted)); accord Sanchez v. Alan's R E 99 Cents & Up Inc., 16 CV 1881 (CBA)(LB), 2018 WL 2452784 at *4 (E.D.N.Y. Apr. 24, 2018). In the course of this litigation, defendants have not claimed any improper conduct by plaintiffs, and the prohibition is unquestionably an attempt by defendants to gain an advantage beyond the release of the wage and hour claims. The provision is also clearly retaliatory in violation of 29 U.S.C. § 215(a)(3).[1] Accordingly, paragraph 4 of the Settlement Agreement is stricken.

The Settlement Agreement also contains a provision that would prohibit plaintiffs from seeking re-employment with defendants (Settlement Agreement ¶ 9). This provision is also unacceptable. It is well established that clauses barring

---

[1] The FLSA prohibits retaliation against both current and former employees. Dunlop v. Carriage Carpet Co., 548 F.2d 139, 142 (6th Cir. 1977); Morangelli v. Chemed Corp., 10 Civ. 00876 (BMC), 2011 WL 7475 at *2 (E.D.N.Y. Jan. 1, 2011)

re-employment conflict with the FLSA's "primary remedial purpose: to prevent abuses by unscrupulous employers, and remedy the disparate bargaining power between employers and employees." Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 207 (2d Cir. 2015); see also Ortiz v. My Belly's Playlist LLC, 283 F. Supp. 3d 125, 126 (S.D.N.Y. 2017) (striking down a similar provision barring plaintiffs from ever working, or applying to work, for defendants because it was in direct conflict with FLSA's remedial purpose); Olano v. Designs by RJR, Ltd., 17 Civ. 5703 (WHP), 2017 WL 4460771 at *3 (S.D.N.Y. Oct. 6, 2017) (Pauley, D.J.) (describing a re-employment prohibition as being one of the "'greatest hits'" of the provisions that are unacceptable under Cheeks); Baikin v. Leader Sheet Metal, Inc., 16 Civ. 8194 (ER), 2017 WL 1025991 at *1 (S.D.N.Y. Mar. 13, 2017) (Ramos, D.J.) (same). Accordingly, paragraph 9 of the Settlement Agreement is also stricken.

Finally, the Settlement Agreement provides that $16,666.67 will be paid to plaintiffs' counsel for attorneys' fees and costs (Settlement Agreement ¶¶ 3.1(B)3., 3.2). I find plaintiffs' counsel's request for $16,666.67 -- one-third of the total settlement -- to be reasonable and appropriate. See Santos v. EL Tepeyac Butcher Shop Inc., 15 Civ. 814 (RA), 2015 WL 9077172 at *3 (S.D.N.Y. Dec. 15, 2015) (Abrams, D.J.) ("[C]ourts

in this District have declined to award more than one third of the net settlement amount as attorney's fees except in extraordinary circumstances."), citing <u>Zhang v. Lin Kumo Japanese Rest. Inc.</u>, 13 Civ. 6667 (PAE), 2015 WL 5122530 at *4 (S.D.N.Y. Aug. 31, 2015) (Engelmayer, D.J.) and <u>Thornhill v. CVS Pharm., Inc.</u>, 13 Civ. 507 (JMF), 2014 WL 1100135 at *3 (S.D.N.Y. Mar. 20, 2014) (Furman, D.J.); <u>Rangel v. 639 Grand St. Meat & Produce Corp.</u>, 13 CV 3234 (LB), 2013 WL 5308277 at *1 (E.D.N.Y. Sept. 19, 2013) (approving attorneys' fees of one-third of FLSA settlement amount, plus costs, pursuant to plaintiff's retainer agreement, and noting that such a fee arrangement "is routinely approved by courts in this Circuit"). Thus, plaintiffs' counsel is awarded $16,666.67 for attorneys' fees and costs.

Accordingly, for all the foregoing reasons, I approve the settlement in this matter, having stricken paragraphs 4 and 9 from the Settlement Agreement. In light of the settlement, the action is dismissed with prejudice and without costs. The Clerk is respectfully requested to mark this matter closed.

Dated: New York, New York
March 27, 2019

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

9

Copies transmitted to:

All Counsel